FIELD v. MAGEE.

1. LIBEL—BRIBERY OF ELECTORS.

A publication, made pending an election, imputing to plaintiff the remark that there was not one of a certain class of voters in his county who could not be bought for a two-dollar bill, and stating that he was one of the ring's chief heelers, and that such remark indicated how the ring intended to carry the fall election, is libelous *per se*, as holding plaintiff up to public hatred and contempt, and charging him with the purpose of committing bribery.

2. TRIAL—EVIDENCE—OBJECTIONS.

An objection to the admission of evidence will not be considered on appeal, where the charge of the court practically withdrew such evidence from the consideration of the jury, and the verdict shows that they were not prejudiced by it.

3. SAME—WAIVER OF ERROR.

A party cannot complain of the exclusion of certain evidence,

where the court afterwards intimated to him that he would consider a new offer of such testimony, and he failed to renew the offer.

4. LIBEL — VERDICT — SPECIFICATION OF DAMAGES — FAILURE TO REQUEST INSTRUCTIONS.

Defendant in an action for libel cannot complain that the court failed to instruct the jury to specify in their verdict separately, as required by 3 Comp. Laws 1897, § 10424, the amount awarded for damages to feelings and the amount awarded for other damages, where no request was made for such instruction.

Error to Chippewa; Steere, J. Submitted November 17, 1899. Decided December 30, 1899.

Case by Nathaniel L. Field against Michael J. Magee for libel. From a judgment for plaintiff, defendant brings error. Affirmed.

*John W. Shine* (*A. B. Davidson,* of counsel), for appellant.

*Warner & Sullivan,* for appellee.

MONTGOMERY, J. This is an action of libel. The publication complained of was the following:

## "SLANDERED THE FRENCH.

"The Democrat takes exception to a remark attributed to Postmaster Field, of Rudyard, who is known as one of the ring's chief heelers. The political situation was being discussed by Mr. Field and another heeler, when the latter remarked that, owing to so many French settlers coming into Rudyard, the township would probably go Democratic this fall. 'Oh, to h——l with the French!' Field remarked; 'there is not one of them in the county that cannot be bought for a two-dollar bill.' This was a slanderous statement, and will no doubt be resented by our French voters to a man. The remark is indicative, however, as to how the ring expects to carry the election this fall."

The plaintiff recovered a verdict of $100, upon which judgment was entered, and defendant brings error.

A large number of assignments of error are intended to raise the question of whether the article is libelous *per se*. It was alleged as matter of inducement, and proved on the trial, that an election was pending and soon to take place when this article was published. The statement imputed to plaintiff, that "there is not one of them in the county that cannot be bought for a two-dollar bill," when coupled with the statement that plaintiff "is known as one of the ring's chief heelers," and the further statement that "the remark is indicative as to how the ring expects to carry the election this fall," leaves nothing further to be supplied by proof. This publication was not only intended to hold the plaintiff up to public hatred and contempt, but plainly charged him with the purpose of committing the offense of bribery. The article was libelous *per se*. See *Randall* v. *Evening News Ass'n*, 79 Mich. 266 (7 L. R. A. 309); *Belknap* v. *Ball*, 83 Mich. 583 (11 L. R. A. 72, 21 Am. St. Rep. 622).

The declaration averred that numbers of the citizens of French nationality who had been accustomed to trade with the plaintiff at his store ceased to do so in consequence of the publication of the libel. The defendant demanded a bill of particulars. One was furnished. Defendant thereupon made a motion for a specific bill of particulars, which motion was denied. On the trial, objection was made to evidence as to loss of trade on the ground that the names of the customers had not been given, which objection was overruled. We think it unimportant to determine whether this evidence was competent under the pleadings, as the court later in the case instructed the jury that no damages could be awarded for loss of trade, as there was no specific *data* before the jury upon which they could base any verdict in that particular, thus excluding all such evidence from the consideration of the jury. The admission of the evidence could not have prejudiced the jury, as sufficiently appears by the verdict.

One Senogles was a witness for defendant to prove that the words imputed by the article to the plaintiff were

uttered by him.   On cross-examination he testified that he
had had some trouble with plaintiff.   He also testified that
he first told of the conversation to Mr. Magee, and fixed
the date as shortly before the trial, and after the trouble
between the witness and plaintiff.   On re-examination the
witness was asked if he had had a talk with one Wyatt
about the remark plaintiff is claimed to have made.   He
answered in the negative.   Defendant called Wyatt to
the stand, and asked him if he had a talk with Mr.
Senogles, prior to the trouble between plaintiff and Sen-
ogles, relative to the remark now alleged to have been
made by plaintiff.   This testimony was ruled out.   It is
now urged that it was competent to make proof of the
fact that, before the trouble arose between the parties, the
witness had made the same statement to others, for the
purpose of negativing any inference that the statement
was prompted by motives of revenge.   There is authority
which supports the admissibility of this testimony in cer-
tain cases.   10 Enc. Pl. & Prac. 331.   Such testimony is
admitted, however, in corroboration of the witness, and
not in any case as affirmative evidence.   It is difficult
to ascribe to the offered testimony the character of corrob-
oration, when it is considered that the witness Senogles
denied having the conversation with Wyatt.   However
this may be, we think a clear intimation was thereafter
given by the circuit judge that he would consider a new
offer of this testimony, and no such offer was made.   In
fairness to the trial judge, the offer should have been re-
newed.   We think the defendant is not in position to com-
plain of this ruling.

The verdict did not specify separately the damages
suffered to plaintiff's business, occupation, etc., and those
arising from injury to his feelings.   Neither party re-
quested that the verdict be so taken, and the court, as
before stated, excluded all damages in respect to plaintiff's
business.   The question is ruled by *McGee* v. *Baum-
gartner*, 121 Mich. 287.

The other questions raised have been considered, and no error is discovered.

Judgment affirmed, with costs.

The other Justices concurred.