## HAMMOND *v.* PULLMAN.

1. LOGGING LIENS—TIME OF FILING.
   Where work on logs is continuous from December to June, except for a short lay-off at the employer's request, though the employé is paid in full for April, May, and June, a lien filed within 30 days of the last work in June is good for work performed prior to April, and not settled for.

2. SAME—TRIAL—MISCONDUCT OF COUNSEL.
   A verdict confirming a lien on logs was not disturbed because of the improper remarks of plaintiff's counsel as to the insolvency of the contractor, plaintiff's employer; the same having been provoked by the remarks of defendant's counsel, and the court having instructed the jury that questions of financial condition must not be considered.

3. NEW TRIAL—AFFIDAVITS—HEARSAY.
   An affidavit of a litigant as to what a witness would testify, being hearsay, does not, in the face of opposing affidavits, justify granting a new trial.

Error to Lake; McMahon, J. Submitted January 29, 1902. Decided March 4, 1902.

Log-lien proceedings by Peter Hammond against Albert W. Pullman and Edward West, copartners as Pullman & West, principal defendants, and George Engel, log owner. From a judgment for plaintiff, defendant Engel brings error. Affirmed.

*U. S. Albertson*, for appellant.

*Hal L. Cutler* (*Charles A. Withey*, of counsel), for appellee.

GRANT, J. Plaintiff sued the defendants Pullman & West to recover for work performed upon certain cedar logs, the property of the defendant Engel. Pullman & West admitted the debt. The defendant Engel contended that plaintiff did not perform the work for Pullman & West, but for a firm named Lloyd & Pullman, under a contract entered into with Lloyd & Pullman before that with Pullman & West. This was the main dispute of fact in the case. Pullman was a party to each contract. The evidence on behalf of the plaintiff was to the effect that he was never employed by Lloyd & Pullman, but was employed from the beginning by Pullman & West, and that Pullman & West performed the contract made by Lloyd & Pullman with the defendant Engel. We think there was a disputed question of fact proper for the consideration of the jury.

Defendant also contends that the lien was not filed within 30 days after the last day's labor was performed. The testimony for the plaintiff showed that his work was continuous from December until June, except that he was laid off for about three weeks at Pullman's request, and that he performed work on some of the timber within 30 days before the affidavit for a lien was filed. He was paid in full for the months of April, May, and June, but there was no settlement made. There was due him, according to his contention, the amount of $56.95, for labor performed previous to April. If this was so, and there had been no settlement for this prior work, he was still entitled

to his lien.   A similar question arose in *Craddock* v. *Dwight*, 85 Mich. 587 (48 N. W. 644), which, we think, controls this case against the defendant's contention.

Error is also assigned upon the remarks of counsel for plaintiff to the jury as to the insolvency of Pullman & West.   While they were not justified by the testimony, there is reason to say that they were provoked by the remarks of counsel for the defendant.   The judge, however, very explicitly instructed the jury that the question of the financial condition of either party must not be considered by them.   Under the circumstances we do not think the language was such as to justify a reversal of the case.

Counsel also alleges error upon the refusal of the court to grant a new trial.   No reasons were assigned for the finding of the judge, and it does not appear that any were requested.   Aside from this, however, we think the judge very properly denied the motion.   The affidavit of Mr. Engel that he had discovered a witness who would give important testimony in the case to the effect that the work was performed by plaintiff for Lloyd & Pullman was not sufficient, in the face of the opposing affidavits, to justify granting a new trial.   Mr. Engel's affidavit as to what the supposed witness would testify to was mere hearsay. The affidavit of the witness was not produced, and Mr. Engel did not even give his name.

Judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.   LONG, J., did not sit.