### FLANNELLY v. DELAWARE & H. CO.

#### (Circuit Court, M. D. Pennsylvania. November 28, 1908.)

#### No. 8, January Term, 1904.

NEW TRIAL (§ 104*)—GROUNDS—NEWLY DISCOVERED EVIDENCE.

Newly discovered evidence is not ground for a new trial, where it is merely cumulative, and in the event of a new trial would have to be submitted with the other evidence on the same point to the jury.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 218–220; Dec. Dig. § 104.*]

On Rule for New Trial.
See 164 Fed. 303.

James H. Torrey, for the rule.
Paul J. Sherwood, opposed.

ARCHBALD, District Judge. Applying the ordinary rules which prevail in applications of this kind, the new trial which is asked for must be refused.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

While the evidence which is now brought forward relates to matters which took place since the trial, and therefore could not be produced before, it is of the same general character as that which was submitted to and passed upon by the jury, to the effect that the plaintiff was not in fact injured as she claims, but falsely and fraudulently pretends to be, for the purpose of recovering damages. It is, in other words, merely cumulative of that which we already have, however it may seem to be more convincing, and would have to be submitted with the rest for the jury to pass upon in the event that a new trial was ordered. The defendant would thus be simply given another chance, with little, if any, better assurance of success, and that is not enough to justify a second trial.

It is not as though the court could lay hold of the case as a fraud and throttle it (Cochran v. Elridge, 49 Pa. 365), or direct a verdict on the preponderant evidence (Robinson v. Denver, etc., Co. (C. C. A.) 164 Fed. 174. The case would still have to take its course and be disposed of by the jury, who are very likely to decide the same way as before.

The rule for a new trial is discharged.