## Remley v. I. C. R. R. Co.

(Decided January 30, 1913.)

### Appeal from Ballard Circuit Court.

1. Railroads—Operation—Injuries to Animals On or Near Tracks—Liability.—Railroad companies are liable in damages, for the value

of animals struck and injured, or killed, by one of their trains, unless they show that the injury or killing was not negligently done.

2. Railroads—Presumption and Burden of Proof.—Where the uncontradicted evidence of those in charge of the train striking the animals, shows that the injury or killing could not have been avoided, by the exercise of ordinary care; and plaintiff's evidence failed to show any fact or circumstance tending to show negligence on their part, a peremptory instruction to find for the defendant was proper.

3. Trial—Consolidation of Causes.—The consolidation and hearing together of two causes of action involving the same questions of law and fact, differing only as to parties plaintiff and the amount of damage claimed, was not prejudicial.

4. New Trial—Grounds—Surprise—Necessity of Objection and Application for Relief at Trial.—Where a party is taken by surprise by the introduction of evidence, he should, on this ground, move to set aside the swearing of the jury and for a continuance; and his failure so to do before verdict precludes him from such relief after verdict.

5. New Trial—Newly Discovered Evidence—Nature of.—Newly discovered evidence, which would tend only to contradict the testimony of witnesses on the opposite side, is not of such character as will authorize a new trial on the ground of newly discovered evidence.

HENRY F. TURNER, for appellant.

ROBBINS & THOMAS, C. L. SIVLEY, TRABUE, DOOLAN & COX, CORBETT & WHITE and R. G. ROBBINS, for appellee.

Opinion of the Court by Judge Lassing—Affirming.

Granville Remley filed suit in the Ballard circuit court against the Ilinois Central Railroad Company to recover $300.00, the value of two mules, alleged to have been killed by the defendant on September 7, 1911. Ben Dance filed suit against the same company, in which he sought to recover $150.00, the value of a horse, alleged to have been killed by said company on the same day. The company admitted the killing, but denied that it was negligently done, and that the stock was of the value claimed. On this plea the court adjudged the defendant entitled to the burden; and ordered the cases heard together, stating at the time that, as it was evident the stock was killed at the same time, if there was a liability at all, the same jury could easily determine the amount, to which each of the plaintiffs was, according to the evidence, entitled. This motion was entered, evidently with the view of a more speedy disposition of the business before the court. The case proceeded to trial, and, at

the conclusion of the evidence, the court instructed the jury to return a verdict in favor of the defendant in each case, which was done. Granville Remley appeals.

There were no eye-witnesses to the accident, save the fireman and engineer. They testify that it was a dark, foggy, night; that their train, a heavy freight of some fifty or more cars, was running twenty or twenty-five miles an hour; that they did not see these animals until they were very close to them, from ten to thirty feet; and that then, it was absolutely impossible to have done anything to have avoided striking them. The plaintiffs, in addition to identifying the stock and proving its value, introduced evidence showing that the stock could be traced for a distance of 100 to 150 yards along the roadbed, from the point where it came upon the track to the point where it was struck and killed. It is argued from this that, inasmuch as the track at that point, for a mile or more, is practically straight, had those in charge of the train been at their post of duty, they must have seen the stock in time to have avoided striking it. This argument, however, is based upon the assumption that the stock was standing at this point upon the track, when the train came in sight of it. There is no evidence to support this theory; on the contrary plaintiffs' own evidence shows that, from the indentations in the ground, this stock was running over the roadbed from the point where it came upon the track to the point where it was struck, hence, it is altogether probable that it was only on the track such length of time as would take it to run 150 yards, which would necessarily be but a few seconds. Evidently these animals came upon the track but a short distance in front of the approaching train, and, in an effort to escape, ran down about 100 or 150 yards, at which point they were overtaken and killed.

The law makes the company liable in damages, for the value of stock, where it is struck and run over by one of its trains, unless it can show that the killing was not negligently done. Here, the company admitted the striking, and, unless the evidence clearly showed that those in charge of the train were without negligence, it should be held liable. The engineer and fireman both testify positively that, at the time the presence of the stock on the track was discovered, they could not have done anything to have enabled them to avoid the collision; and, as all the proof shows that this stock ran down the

track in front of the engine a distance, varying from 100 to 150 yards, it is apparent that their testimony upon this point is true. In addition, the weather conditions on that night are shown to have been such that it was impossible to see a great distance in advance of the train, although it was equipped with a proper and suitable headlight. This court, upon evidence no stronger than this, in the following cases, held the company absolved from liability: Newport News & M. V. R. Co., v. Mitchell, 17 Rep., 1086; McGee v. Gaines, 98 Ky., 182, and I. C. R. R. Co. v. Gholson, 23 Rep., 2209. Upon such showing, under these authorities, the court was justified in peremptorily instructing the jury to find for the defendant.

Complaint is made that the court erred in consolidating the cases. We are unable to see how such ruling could, by any possibility, have been prejudicial; for, had the court permitted the case to go to the jury, an instruction would have been given in favor of each plaintiff, authorizing the jury to find for him such sum, in damages as would compensate him for the value of his stock, if the jury found from the evidence that it was negligently killed. This is the most that the plaintiff would have been entitled to, had he been given a separate trial.

Several affidavits were filed upon motion for new trial showing that the night, upon which this stock was killed, was a clear, moonlight night; that the stock could have been seen at a much greater distance upon the track than the fireman and engineer testified they were able on that night to see them; that plaintiffs were taken by surprise, when the engineer and fireman testified concerning the weather conditions on that night; and that, if given a new trial, they would be able to show that their testimony upon this point was not true. This evidence, if introduced, would have been merely to contradict the evidence of the engineer and fireman. In Monarch v. Cowherd, 114 S. W., 276; and Travelers' Insurance Co. v. McInerney, 119 S. W., 171, we held that the complainant was not entitled to a new trial, on account of the discovery of evidence of this character, or which was to be used for such purpose. But, it is argued, that this evidence, newly discovered, would have been direct substantive evidence tending to show that the engineer and fireman could have seen the stock upon the track in time to have avoided the injury to them. If the statements

of the witnesses, as set out in the affidavit, could be construed as having this effect, plaintiff would still not be entitled to the relief sought, for the motion comes too late. If he was taken by surprise by the introduction of this evidence on the part of the engineer and fireman, he should have, at once, moved to set aside the swearing of the jury and to continue the case, on the ground of surprise; but, having failed to do so and elected to take his chances of obtaining a verdict at the hands of the jury, he cannot, after verdict, seek a new trial on the ground of surprise, as was expressly held in the following cases: Shipp v. Suggett, 9 B. Monroe, 5; Monarch v. Cowherd, 114 S. W., 276; Travelers' Insurance Co. v. McInerney 119 S. W., 171.

Judgment affirmed.