LUCKHURST *v.* SCHROEDER.

1. EVIDENCE—SIMILAR ACTS—INTENT—HARMLESS ERROR.

Whether or not evidence was competent that defendant two days prior to turning his horse at and upon plaintiff forcing him out of the highway and into a ditch, had conducted himself in a hostile and malicious manner towards the plaintiff; also that he had nearly a year previously run into plaintiff and forced plaintiff into a water hole, exclusion of this proof was not prejudicial to the plaintiff, where the record showed that the evidence was later admitted.

2. SAME—GENERAL ISSUE—NOTICE—AFFIRMATIVE DEFENSE—TRESPASS ON THE CASE.

Defendant's claim that his horse shied at some hay that

lay in the road and ran upon or at plaintiff was not an affirmative defense under a count in trespass, and the testimony was admissible to show that the defendant did not intend the act, under the plea of the general issue.

3. TRIAL—MISCONDUCT OF COUNSEL—WITNESSES.

There was no such prejudicial misconduct on the part of defendant's counsel as to call for a reversal of the judgment for defendant in an action for negligently driving at and upon plaintiff, forcing him into a ditch along the highway, where the attorney for defendant asked of plaintiff, whose attorney had been a witness in his behalf, whether the case was not in his hands under an agreement to pay him half of the proceeds, where the court sustained the objection made and would not permit the witness to answer.

4. HIGHWAYS AND STREETS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE.

Where the court charged the jury in substance that the plaintiff had a perfect right to walk in the part of the highway on either side of the beaten track, and if defendant, seeing him, turned his horse upon him, intending to compel plaintiff to step aside, and if plaintiff did step to one side and in doing so fell and received injuries, he would be entitled to recover, the instructions sufficiently covered plaintiff's requests to charge that if the jury found the defendant guilty of wilful and reckless conduct, the action would lie irrespective of his contributory negligence.

5. SAME—TRIAL—INSTRUCTIONS.

Where the court in his charge employed substantially the same language that plaintiff's requests to charge contained in relation to the issue of contributory negligence, any confusion that may have resulted in relation to the degrees of negligence was chargeable to plaintiff, who could not complain.

6. NEW TRIAL—IMPEACHMENT—MOTIONS—EVIDENCE.

Upon motion for a new trial newly discovered evidence that only tends to impeach is not a sufficient ground to set aside the verdict and judgment.

7. SAME—DISCRETION.

The granting of such motion is largely a matter for discretion of the court.

8. SAME.
   And where plaintiff filed three affidavits tending to impeach the testimony of one of the witnesses of the defendant, who procured the affidavits of eleven persons contradicting the three affiants and when the newly discovered evidence would not probably bring about a different result on the trial the lower court was right in declining to grant a new trial.

Error to Shiawassee; Miner, J.  Submitted October 16, 1914.  (Docket No. 120.)  Decided December 19, 1914.

Case by John Luckhurst against Henry Schroeder for personal injuries.  Judgment for defendant. Plaintiff brings error.  Affirmed.

*George E. Pardee* and *Leon F. Miner,* for appellant.

*Pulver & Pond,* for appellee.

STONE, J.  In this action the plaintiff seeks to recover damages for personal injuries sustained by him, by reason of the defendant's alleged unlawful conduct in wilfully driving his horse upon, or so near, the plaintiff in a public highway as to cause the plaintiff to fall, or to be thrown with great force and violence, upon the ground.

The declaration contains three counts.  The first two counts are for an assault and battery on the plaintiff, the first charging that, with force and arms, the defendant, on September 9, 1912, did with great force and violence drive a horse and carriage "toward and upon the said plaintiff, and by means of the premises, he, the said plaintiff, was then and there cast and thrown with great force and violence upon the ground," by reason whereof the plaintiff was greatly bruised, hurt, and wounded, and has suffered great bodily and mental distress, etc.

The second count is very similar to the first, except

that it charges that the defendant drove the horse "with great force and violence upon and against the above-named plaintiff, who was then and there lawfully walking upon the said highway; by means whereof the said plaintiff was then and there thrown and pushed   *   *   *   from out of said highway and into a ditch along the side thereof."

The third count charges the defendant with the negligent driving of said horse. After stating that the plaintiff was walking upon the grass at the left side of the main traveled part of the highway and using due care in his conduct to protect himself from injury and collision, it alleges as follows:

"That said defendant did not then and there drive along said highway at a reasonable rate of speed, and did not keep his horse under control, and did not use reasonable care in the driving of said horse and carriage on said highway,   *   *   *   but did wilfully, wantonly, recklessly, maliciously, and with gross negligence, drive into and against said plaintiff, and said defendant did at the aforesaid time and place drive the horse at an excessive rate of speed, to wit, 15 miles per hour, and did wantonly, wilfully, maliciously, and intentionally, and with gross negligence, and in violation of the duty of defendant, turn said horse and carriage from the main traveled part of the highway toward said plaintiff"——

When the plaintiff was then at a point one rod in front of defendant, and because of that fact plaintiff was compelled to move quickly to get out of the way of said horse, and was compelled to step back to get out of the way, and in so doing stepped against a raise of ground which was along said highway, and was thrown backward upon his back and shoulder and suffered great injury, etc.

The plea was the general issue.

The parties are farmers living on and owning farms nearly opposite from each other, where they have

lived for some years. The plaintiff was 71 years old and the defendant about 44 at the time alleged.

Upon the trial it appeared that on the day in question, at about 8:30 o'clock a. m., the weather being clear and bright, the plaintiff was walking east along the highway. He testified that he was walking on the sod about six feet north of the edge thereof, or a distance of some eight feet from the north wagon track, when he met the defendant; that the defendant had been driving in the track, but turned out when about ten feet away and drove right upon or onto the plaintiff, so that the horse's breath came in his face; and that he jumped and fell, sustaining the injuries complained of. The plaintiff does not claim that he was actually hit by the horse, but that, owing to the sudden driving of the horse so near to him, he jumped aside to save himself from being injured by the horse, and fell. No other person save the parties was present, except defendant's little girl, who was not sworn. The plaintiff testified to defendant's manner, and that he had an angry expression on his face; that defendant did not stop his horse, but pulled him back into the track and drove on.

Defendant, in his testimony, denied having made any assault whatever upon the plaintiff, and denied that he drove his horse towards or against the plaintiff, but testified that as the horse was nearly opposite the plaintiff it shied out of the road towards the plaintiff by reason of a bunch of hay at the side of the road, at which time defendant testified plaintiff stopped and faced south and looked at him as he drove by.

A reference to the record will show that there was a sharp conflict in the evidence upon every essential point claimed by the plaintiff. Upon the trial the plaintiff attempted to prove certain conduct of defendant tending to show malice and ill will on September 7th, two days before the alleged injury, at defendant's

house, where plaintiff had gone to notify defendant to perform labor on the highway, the plaintiff being an overseer of highways at that time. The plaintiff also attempted to show certain conduct of the defendant in December, 1911, at which time it was claimed that the defendant drove the plaintiff into a water hole by turning his horse near to or upon him.

It having appeared by the opening statement of counsel that on September 7th it was not claimed that defendant made any threats, the court sustained the objection made by the defendant to this offered testimony, to which plaintiff's counsel duly excepted. An examination of the record shows that the court intimated to counsel that it would, for the time being, sustain the objection, but would consider the matter further. It appears that upon cross-examination of the defendant the whole subject-matter was gone into, and upon rebuttal this testimony which had been excluded was received, but counsel for the appellant claims that the testimony came in too late to have its proper effect upon the jury, and that the weight of the same had been destroyed by the former adverse ruling.

The testimony of the defendant tending to show that the horse had shied by reason of there having been some hay at the side of the road was objected to by plaintiff's counsel under the pleadings; it being the claim of the plaintiff that it was an affirmative defense, and could not be shown under the general issue. The court ruled otherwise, and plaintiff excepted.

Further complaint is made by appellant upon what is termed the "misconduct of counsel." Upon cross-examination of the plaintiff the following question was asked:

"*Q.* You employed counsel in this case, did you not, under a contract by which they were to receive 50 per cent. of the amount recovered?

"*Plaintiff's Counsel:* I object to that.

*"The Court:* Objection sustained.

*"Plaintiff's Counsel:* And I take an exception to the asking of it.

*"Defendant's Counsel:* It isn't error to ask a question when the court, in its discretion, can admit it.

*"Plaintiff's Counsel:* I take an exception to the remarks of counsel."

The record also shows that one of plaintiff's counsel, being the attorney of record, testified in the case as a witness on behalf of the plaintiff.

At the close of the evidence the first and second counts in the declaration were stricken out, and the case was submitted to the jury upon the third count. We find no assignment of error upon this ruling.

Plaintiff requested the court to charge the jury to the effect that, although the plaintiff may have been guilty of contributory negligence, yet, if they should find that defendant was also guilty of wilful, wanton, and reckless conduct, that the negligence of the plaintiff would not bar his right to recover.

Error is assigned upon a portion of the following excerpt from the charge of the court:

"In the first place, was the plaintiff in this case injured by negligence of the defendant, Henry Schroeder, without any negligence on the part of the plaintiff? * * * In this case, if the defendant was going along there in a careful, prudent manner, and as he came opposite Mr. Luckhurst his horse was scared and he exercised all the due care and prudence which a man of ordinary prudence would have done under the same circumstances, and yet, notwithstanding that, this horse shied and came so near Mr. Luckhurst that Mr. Luckhurst was compelled or did step aside, and his injury was received by that reason, then the defendant would not be guilty of any negligence, for the reason that he had done all that a careful, prudent person would have done under like circumstances. But if, on the other hand, in going along there, he saw and observed Mr. Luckhurst, and he did not use the care which a person would have exercised—that is, an ordinary careful and prudent person would have exercised—under the same circumstances, and 'by reason

tnereof, and without any negligence on the part of Mr. Luckhurst, and (I say) by reason thereof his horse came towards Mr. Luckhurst, and Mr. Luckhurst, in order to avoid him, was compelled to get out of the way, and he received injuries by reason thereof, then defendant would be liable for such damages as resulted on account of his negligence. Or if you should find that Mr. Schroeder wilfully drove the horse out one side there, for the purpose of driving it upon Mr. Luckhurst or driving it near him, and you find that Mr. Luckhurst, acting in a careful, prudent manner, and without any negligence on his part, stepped one side and fell down and received injuries, then he would be entitled to recover. So the question, gentlemen, after all, depends upon the negligence of Mr. Schroeder and lack of negligence on the part of Mr. Luckhurst. If Mr. Schroeder was guilty of negligence, as I have stated to you, and Mr. Luckhurst was not guilty of any negligence, and Mr. Luckhurst received injuries by reason of the negligence of Mr. Schroeder, then plaintiff is entitled to recover. But if it was an accident upon the part of the horse of Mr. Schroeder being scared, and Mr. Schroeder used ordinary care in the driving his horse, such as a careful, prudent man would have used under the same circumstances, then plaintiff cannot recover."

The jury returned a verdict for the defendant, and a judgment was entered accordingly. The plaintiff moved for a new trial:

Because the verdict therein was against the great weight of the evidence; because the verdict rendered by the jury was contrary to the charge of the court; because of newly discovered evidence of certain witnesses named in the motion; because of the refusal of the court to give plaintiff's requests to charge; and because the court charged the jury that, although they might find that the defendant was guilty of wilful, intentional, and malicious driving into the plaintiff, said plaintiff could not recover. unless he was free from contributory negligence.

The court denied the motion, filing reasons therefor, to which denial plaintiff duly excepted, and he has brought the case here upon writ of error.

(1) The first group of assignments of error deal with the alleged error in the rulings of the court in rejecting testimony tending to show malice and ill feeling on the part of the defendant towards the plaintiff.

(2) Proving affirmative befense under the general issue. This assignment alleges error in permitting the defendant to show that the cause of his horse shying and running onto the plaintiff was because of a bunch of hay in the highway.

(3) Misconduct of counsel. This assignment refers to conduct of defendant's counsel in asking plaintiff on the trial if he was not under contract to pay his attorneys one-half of all he recovered.

(4) Refusing to give plaintiff's requests to charge as above stated.

(5) Errors in the charge of the court above referred to.

(6) Denial of the motion for a new trial, especially because of the refusal to grant plaintiff's motion for a new trial on the ground of newly discovered evidence.

1. Taking these questions up in the order in which they are presented by counsel, we may ask: Should the case be reversed because the court first excluded testimony offered by the plaintiff to show that on September 7th—two days before the alleged trespass—defendant was guilty of conduct indicative of malicious motives against the plaintiff; and, also, that in December, 1911, the defendant wilfully and maliciously ran into the plaintiff on the highway with his horse and buggy and drove him into a water hole? It will be borne in mind that later in the trial of the case this evidence was received, and was submitted to the jury. While we see no good reason for the ruling of the trial court in excluding this evidence in the first instance, yet, under our decisions, we must hold that, it having been admitted at a later stage of the trial, the ruling was at most harmless error. *Chambers* v. *Hill*, 34 Mich. 523; *Lamb* v. *Lippincott*, 115

Mich. 611 (73 N. W. 887) ; *Pierson* v. *Railroad Co.,* 149 Mich. 167 (112 N. W. 923).

2. It is claimed that the court erred in admitting evidence under the general issue offered by the defendant tending to show that his horse was scared at a bunch of hay in the road and shied towards plaintiff. It is said that this was an affirmative defense. In this contention we cannot agree with plaintiff's counsel. The first two counts of the declaration, which were standing when this ruling was made, charged that defendant, with force and arms, drove his horse upon the plaintiff and injured him. It was competent for the defendant under the general issue to show that he did not wilfully drive his horse upon the plaintiff, but that his horse became scared and shied out of the road. Instead of being an affirmative defense, it was an attempt to show that the defendant was not guilty of the trespass charged. We find no error in this ruling of the court.

3. This brings us to alleged misconduct of counsel. It will be borne in mind that the court sustained the objection of plaintiff's counsel, and ruled that defendant could not show that plaintiff was under contract to pay his counsel 50 per cent. of the amount recovered. The exception seems to have been taken to the asking of the question as misconduct of counsel. It should be noted that the plaintiff's attorney of record was a witness for the plaintiff upon a material matter on the trial of the case. We think that, under such circumstances, it was competent for the defendant to show that plaintiff's said counsel was interested in the result of the suit as bearing upon his credibility as a witness, and that it would not have been error had the court permitted the question to be answered. We do not think that plaintiff was injured by the ruling of the court, nor do we think that the defendant's counsel was guilty of misconduct in asking the question

under the circumstances as disclosed in this record.

4. It is claimed that the court erred in not charg-. ing the jury that, although the plaintiff may have been guilty of contributory negligence, yet, if the jury should find that defendant was also guilty of wilful, wanton, and reckless conduct, that the negligence of the plaintiff would not be a bar to his right to recover. A careful reading of the charge will show that the court attempted to cover different phases of the case claimed to have been made by plaintiff under the third count in the declaration. We find that the court did charge the jury in the following language:

"I charge you that the plaintiff would have a perfect right to walk in the part of the highway on the north side of the beaten part of the track, and it would make no difference whether he was on the left side or the right side of the highway, and that the defendant had a right to drive his horse along the highway, but if the defendant at that time, seeing the plaintiff, turned his horse out for the purpose of driving it upon him, or for the purpose of driving it near.him, so it would compel or might compel the plaintiff to step aside, and if he did so, and the plaintiff did step aside, and in doing so fell down and was injured, then plaintiff would be entitled to recover."

Here we find an explicit charge by the court that the plaintiff might recover in case of the wilful or wanton assault upon him by the defendant, without reference to the contributory negligence of the plaintiff. We think this gave the substance of the plaintiff's requests upon that branch of the case.

5. Did the court err in that portion of its charge above quoted? In this connection, it is proper for us to examine some of the plaintiff's requests to charge. By their eighth request plaintiff's counsel had requested the court to charge the jury as follows:

"I instruct you that the burden of proof is on the plaintiff, not only to show negligence and misconduct

on the part of the defendant, but also to show ordinary care and diligence on his own part, and if you should find that the plaintiff did not use ordinary care and diligence, and that the want of same contributed to the injury, and that defendant was guilty of no more than ordinary negligence, you should return a verdict of no cause of action."

"*Tenth.* I instruct you as to the distinction between ordinary and gross negligence as follows: Ordinary negligence is a disregard of those rules of conduct which would govern men of ordinary care and prudence. It is not required of a man that he should use the highest degree of care, but he should always be as careful as it is possible for him to be. It is incumbent upon him only to be as careful as men of ordinary prudence and judgment would be. Was the defendant lacking in this regard? Were the acts and conduct of Henry Schroeder, the defendant, such as a man of ordinary care, prudence, judgment, and caution would not have exercised under the same circumstances. Now, if he was not as careful as a man of ordinary prudence would have been under the same surroundings, then he would be guilty simply of what the law calls ordinary negligence; and if his conduct was more than this, then the next inquiry would be whether the plaintiff was himself free from negligence which contributed to the injury. That is, would the injury have been brought about if the plaintiff had been himself as careful as men of ordinary prudence would have been under the same circumstances? The plaintiff was not obliged to use the highest degree of care to avoid injury to himself. He was only required to use that degree of prudence and caution which men of ordinary prudence and caution would use under precisely or very similar circumstances, as you may find them to be from the testimony in this case."

It seems, therefore, that plaintiff, in his requests to charge, introduced the subject of contributory negligence. The reading of these requests shows that they are substantially the language used by the court in its charge to the jury on the subject of contributory negligence. The difficulty arises in the mingling of the degrees of negligence; and if there is any apparent

confusion in the charge, we think that plaintiff's counsel are responsible for it.

We think, however, that it clearly appears that the court charged the jury, in substance, that if the defendant was guilty of gross negligence by the wilful driving of his horse upon or against the plaintiff, that there might be recovery, notwithstanding the contributory negligence of the plaintiff, and we think the jury must have so understood the charge. We find no error here of which the plaintiff can complain.

6. Questions raised upon the motion for a new trial. We have examined the record with care, and are unable to say that the verdict of the jury was either against the great weight of the evidence, or that it was contrary to the charge of the court.

We have examined the affidavits in support of the claim of newly discovered evidence. Upon the trial of the case the defendant's wife had testified that she, while standing near defendant's house, saw plaintiff and defendant at the time of the alleged injury, and gave testimony tending to show that she saw the transaction, and her testimony corroborated that of the defendant. After the trial the plaintiff had three persons make affidavit that they had experimented nearly a year after the transaction, by standing where it was claimed defendant's wife stood, and that they were unable, by reason of bushes and other obstructions, to see the place where it was claimed the parties met. Not only did this alleged newly discovered evidence tend to impeach defendant's wife, but the affidavits of the three persons were contradicted by affidavits of 11 other persons, who claimed to have experimented in the same manner, thus corroborating defendant's wife in her testimony. Ordinarily, the court will not grant a new trial on the ground of newly discovered evidence where that evidence is for the purpose of impeachment. *Spray* v. *Ayotte*, 161

Mich. 593-595 (126 N. W. 630). And we should also add that the matter of granting a new trial on the ground of newly discovered evidence was largely a matter of discretion for the trial court. *Hammond v. Pullman*, 129 Mich. 567 (89 N. W. 358). We cannot say that the newly discovered evidence, in the light of this record, would probably cause a different result to be reached on another trial, and we think the court did not err in denying the motion. *Morin v. Robarge*, 132 Mich. 337 (93 N. W. 886).

We find no error in the record of which plaintiff can complain, and the judgment of the circuit court is affirmed.

McALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.