## GICHANOV et al. v. UNITED STATES.

### (Circuit Court of Appeals, Sixth Circuit. May 2, 1922.)

### No 3651.

**1. Criminal law ⬤⇒942(1)—Newly discovered impeaching evidence not ground for new trial.**

Newly discovered evidence, merely tending to impeach witnesses who testified on a collateral matter, and whose testimony was not essential to conviction, *held* not ground for new trial.

**2. Criminal law ⬤⇒1156(3)—Refusal of new trial reviewable only for abuse of discretion.**

Motion for new trial for newly discovered evidence is addressed to the sound discretion of the trial judge, and his ruling cannot be reviewed, in the absence of a clear showing that such discretion was abused.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Criminal prosecution by the United States against Joseph Gichanov and Mary Gichanov. Judgment of conviction, and defendants bring error. Affirmed.

Jonathan Taylor, of Akron, Ohio, for plaintiffs in error.

D. J. Needham, Asst. U. S. Atty., of Cleveland, Ohio.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The plaintiffs in error were indicted and convicted in the United States District Court for the Northern District of Ohio, Eastern Division, for selling intoxicating liquor fit for beverage purposes, containing more than one-half of 1 per cent. of alcohol by volume, in violation of title 2 of the National Prohibition Act (41 Stat. 307).

It is insisted on behalf of the plaintiffs in error that the trial court erred in admitting in evidence a bottle, claimed to be the bottle which contained the whisky unlawfully sold, for the reason that it was shown to have been in possession of a man who was not produced at the trial; that it was not properly identified by the government as the bottle which contained the intoxicating liquor alleged to have been purchased by Harris Anson and Joe Markowsky from the plaintiff in error; and for the further reason that there is an apparent conflict as to where these witnesses placed their initials upon the label on this bottle.

This objection is more technical than substantial. There is direct evidence to the effect that, before Anson and Markowsky went into the place of business of Joseph Gichanov and Mary Gichanov, they were searched by Federal Agents Weaver, Van Buren, and Thomas, and that they then had no bottle upon their persons. Anson and Markowsky testified that they purchased this bottle and contents from the plaintiffs in error; that they then left their place of business and walked down to the corner and turned the bottle over to Mr. Thomas, in the presence of the other federal prohibition agents, Weaver and Van Buren. Anson says he placed his initials on the bottle at the hotel

---

shortly after it was purchased; that Mr. Thomas provided the label. Markowsky testified that the label was put on the bottle by Mr. Thomas in the automobile before reaching the hotel, and that at the same time he placed his initials thereon. The fact that the testimony of these witnesses differs as to the exact time and place this label was placed on the bottle, and their initials written thereon, does not weaken, much less destroy, the effect of their testimony that the bottle was secured from the plaintiffs in error, that a label was placed on that bottle, and that they wrote their initials thereon for the purpose of identification. It is not at all surprising that two credible witnesses may not have the same recollection as to every detail of the same transaction. Wholly regardless of their testimony, however, the testimony of the witnesses Van Buren and Weaver is amply sufficient to justify the trial court in admitting the bottle in evidence.

While the question of the sufficiency of the evidence to sustain the verdict is not presented by the record, by motion for directed verdict or otherwise, nevertheless it is now insisted that no evidence was offered by the government tending to show that the distilled spirits, which the indictment charges were unlawfully sold by the plaintiffs in error, were fit for use for beverage purposes. This contention overlooks the evidence of Anson and Markowsky that, while they were in the place of business of the plaintiffs in error, they bought and drank two small glasses of raisin brandy, for which they paid 50 cents; that thereupon Markowsky asked Mary Gichanov if he could purchase some in a bottle, and she said he could; that, in pursuance of this request to purchase a quantity of this raisin brandy in a bottle, Mary Gichanov handed Markowsky this bottle of intoxicating liquor, for which he paid her $2, and which by actual test, made by the witness Brown, proved to be raisin brandy containing 47.5 alcohol by volume. Anson also testified that he tested the contents of this bottle and that it was raisin jack.

It is also contended on the part of plaintiffs in error that this judgment should be reversed, for the reason that the trial court abused its discretion in overruling their motion for a new trial. This motion for a new trial was based particularly upon the claim of newly discovered evidence, and that the witnesses Weaver and Van Buren, called on behalf of the government, testified falsely in matters material to the prosecution. This latter question was, of course, a question for the jury. The court, upon a motion for a new trial, could not consider it, except in so far as it might become important in determining the probable effect of the newly discovered evidence in reference thereto.

While the testimony of these witnesses, the truth of which is challenged by this motion, was competent and relevant, nevertheless it was not directed to the alleged unlawful sale, but, on the contrary, to the search and seizure, which was made some time later. Further than that, it had no connection with the offense charged in the indictment. The newly discovered evidence is merely cumulative to the evidence of plaintiffs in error, who both testified in reference to this same subject-matter during the trial of the case. Flannelly v. Delaware & H. Co. (C. C.) 165 Fed. 350, Kroger v. Ryan, 83 Ohio St. 299, 94 N. E. 428. This newly discovered evidence is wholly in the nature of impeaching

evidence, and therefore not ground for new trial. Luckhurst v. Schroeder, 183 Mich. 487, 149 N. W. 1009; Street Ry. Co. v. Lee, 153 Ky. 621, 156 S. W. 99; Remley v. Railway Co., 151 Ky. 796, 152 S. W. 973.

[1] There is substantial evidence in this record tending to sustain the verdict of guilty. The plaintiffs in error had a full and fair opportunity to meet this evidence in relation to the alleged unlawful sale. The newly discovered evidence, at best, merely reflects upon the credibility of these two witnesses upon a collateral matter. The guilt or innocence of the plaintiffs in error does not depend upon the truth of the statement of these witnesses as to what occurred at the time of the search and seizure. In so far as their testimony was directed to the actual commission of the crime charged in the indictment, they are fully and completely corroborated by other witnesses, the credibility of whose evidence the plaintiffs in error have not attempted to impeach.

[2] The motion for a new trial is addressed to the sound discretion of the trial judge, and cannot be reviewed, in the absence of a clear showing that such discretion was abused. Holmgren v. U. S., 217 U. S. 509, 521, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Pickett v. U. S., 216 U. S. 456, 461, 30 Sup. Ct. 265, 54 L. Ed. 566; Howard et al. v. U. S. (C. C. A.) 271 Fed. 301. The record in this case does not show any abuse of discretion by the trial court.

For the reasons above stated, the judgment of the District Court is affirmed.