## KARAHLANIAN *v.* HADSHIAN.

**1. TRIAL—ERRONEOUS INSTRUCTION NOT PREJUDICIAL WHERE COR-RECTED BY CHARGE AS WHOLE.**

An erroneous instruction, in garnishment proceedings, that evidence introduced on behalf of the claimant of the garnished fund made a *prima facie* case entitling him to recover unless the jury found that the transfer of the fund to him was fraudulent, *held*, not prejudicial, in view of subsequent instruction and the charge as a whole, in which the jury were clearly instructed that the burden of proof was upon claimant.

**2. NEW TRIAL—GREAT WEIGHT OF EVIDENCE.**

Where a new trial on the ground that the verdict in claimant's favor is against the great weight of the evidence was denied by the trial judge, who had the advantage of seeing and hearing the witnesses, his decision should not be disturbed by the Supreme Court, although alleged improbabilities and inconsistencies in the testimony of claimant's witnesses, who are foreigners, is pointed out.

**3. SAME—ABSENT WITNESS—ABUSE OF DISCRETION.**

Where a witness had been subpoenaed and failed to appear, but no continuance or delay of the trial was asked for because of his absence, and no affidavit by him was filed or showing made that he could be produced at a new trial beyond the statement in counsel's affidavit that he knows where witness lives and works and believes he can produce him on a new trial, denial of a motion for a new trial on said ground was not an abuse of discretion.

**4. SAME — NEWLY-DISCOVERED EVIDENCE — IMPEACHMENT — WIT-NESSES.**

The denial of a motion for a new trial on the ground that plaintiffs expect to prove from war records evidence of misstatements by claimant's witnesses, *held*, not an abuse of discretion, since new trials are not ordinarily granted

[1]Trial, 38 Cyc. pp. 1778, 1779, 1784; [2]Appeal and Error, 4 C. J. § 2816; [3]Id., 4 C. J. § 2813; New Trial, 29 Cyc. p. 877; [4]Appeal and Error, 4 C. J. § 2817; New Trial, 29 Cyc. pp. 918, 1009.

because of newly-discovered evidence to impeach a witness.

Error to Wayne; Hart (Burton L.), J., presiding. Submitted October 22, 1926.    (Docket No. 67.)    Decided May 3, 1927.

Garnishment proceedings by Vahan Karahlanian and another against Manoog Hadshian and others. Judgment for plaintiffs. for less than amount claimed. They bring error.    Affirmed.

*Herlehy & Herlehy* and *Daskam & Fox,* for appellants.

*Miller, Canfield, Paddock & Stone,* for appellees.

STEERE, J.    Plaintiffs brought this action on a judgment obtained by them in California against defendants Manoog and Miron Hadshian and at the same time garnisheed the defendant bank.    David Hadshian, an older brother of Manoog and Miron, was made an interpleading defendant, as claimant of the funds in the garnishment proceeding.    The bank filed disclosure of an indebtedness of $6,000 on a savings account in one of its branches standing in the name of David Hadshian.    Written interrogatories to the bank were filed and answered, and a statutory issue framed as to the ownership of that fund at the time when garnishee summons was served on the bank. The record shows that some time prior to service of the garnishee summons upon the bank, defendants Manoog and Miron Hadshian had on deposit with it upwards of $9,800, and shortly before this action on judgment was commenced $500 of that fund was set aside to cover a note owing the bank by Manoog Hadshian, and the balance transferred to defendant David Hadshian's savings account.    Plaintiffs contended this transfer was a fraud upon them as creditors of the principal defendants.    The Hadshian de-

fendants claimed it was a payment of an existing valid debt to David Hadshian to whom the money legally and honestly belonged. The principal cause based on a California judgment was tried without jury and resulted in a judgment of $4,070.91 against defendants Manoog and Miron Hadshian in plaintiffs' favor. Trial of the statutory garnishment issue involved here was by jury, and lasted several days. The jury returned a verdict finding the funds in the bank belonged to David Hadshian, except an item of some $19, for which the court directed a verdict in plaintiffs' favor.

At commencement of the trial, the court ruled that under the pleadings, including the written interrogatories, answers thereto, etc., the burden of proof rested upon claimant David Hadshian, saying:

"The court will hold, though, that the claimant here, David, claiming the funds, that he will have to start in and prove that those funds are his, and then you can rebut it."

David's counsel then opened the case, saying in his opening statement:

"The way we are proceeding, it is up to David to establish that the money in the bank in his name belongs to him, and although that is an unequal burden, David is going to attempt to prove just that."

After both parties had rested, the following was said between court and counsel:

"*The Court:* The garnishee was served on what date?

"*Mr. F*—(plaintiffs' attorney): February 4, 1925.

"*The Court:* Then the question is, on February 4, 1925, for the jury to find whose money that was.

"*Mr. J*—(garnishee's attorney): Yes.

"*The Court:* Now I was going to say I will submit it just in that form, with the understanding that if they find it was David's money, that then I wouldn't say anything about this $19.08, and a judgment would

238—Mich.—29.

pass against the bank then for $19.08. If they find
it was Miron and Manoog's money on the day the
garnishee was served, this $19.18 wouldn't cut any
figure, and then judgment would pass against the bank
for $4,120.96 and interest at five per cent. We could
figure it up and let judgment pass. In other words,
not confuse the jury with these two things. The only
question for the jury is, who owned the fund on that
day, and let them find that. When they find that, by
agreement we can fix the journal entry.

"*Mr. F—:* Yes.

"*The Court:* Because if it belongs to David, then
the judgment is only $19.08. If it belongs to the other
two, the judgment would be for the full amount.

"*Mr. McG*—(defendants' attorney) : That is agreeable.

"*Mr. F—:* Yes."

The court then charged the jury at length on that
issue. After verdict a motion was timely made by
plaintiffs for a new trial based upon claims of newly-
discovered testimony, errors in the rulings of the court
during the course of the trial, because the verdict was
against the weight of evidence, and:

"Because the plaintiffs were unable to present all
of their testimony in the case bearing directly on the
issues in said cause by reason of the wilful absence
of a witness, Clenal Gibson, for whom a bench warrant
was issued but who could not be found to testify at
the trial of said cause, whom the plaintiffs on another
trial of said cause will be able to produce.

"Because these plaintiffs have information and
therefore expect to be able to prove from the records
of the war department of the United States, and from
other evidence on a new trial of this cause that the
defendant David Hadshian did not precede his brothers
in coming to this country by a period of three years
or by any appreciable period of time or by any length
of time sufficient to accumulate funds to make loans
to his brothers such as he claims."

The motion was supported by the affidavits of plain-
tiffs' attorneys. The trial court overruled the motion,

holding, in substance, that the verdict was not against the great weight of evidence, his rulings during the trial were not erroneous or prejudicial, and he was of opinion that the absence of Clenal Gibson did not furnish grounds for a new trial, no application for a continuance before or during the trial having been made because of his absence, saying in conclusion:

"The court feels that plaintiffs had a fair trial, that the jury passed on the evidence, and that the verdict of the jury should control, as they saw the witnesses and heard the testimony, and that there was testimony on which the jury could find either way."

The case is brought to this court by six assignments of error. The first two relate to the rulings of the court in relation to questioning of witnesses and the exclusion of testimony as to what occurred after transfer of the funds. These rulings were clearly in the discretion of the court, did not constitute reversible error, and do not call for further discussion. The fourth assignment charges that:

"Prejudicial error was committed by the court in charging the jury that the transfer of funds from Manoog and Miron's account to David's account before the suit of garnishment issued made a *prima facie* case for David Hadshian, the claimant, and that he was entitled to recover unless they found also evidence that the transfer was a fraudulent transfer."

The court's charge upon that subject is, in part, as follows:

"I charge you that the undisputed evidence here shows that the funds standing in the name of claimant, David, was given to him or transferred to him before the writ of garnishment issued to the Detroit Savings Bank. This evidence makes a *prima facie* case for claimant, and he is entitled to recover, unless you find also evidence that the transfer was a fraudulent transfer, which I will hereafter define. * * *

"In this case David Hadshian claimed the fund in the bank as his own. I charge you that the burden

of proof is upon him to establish that this fund was not fraudulently transferred, and that it is his fund and not Manoog and Miron Hadshian's fund. The burden is upon him to establish this by a preponderance of the evidence, and if you are not satisfied by a preponderance of the evidence that this money was David Hadshian's at the time of garnishment, but that it was fraudulently transferred to him by Manoog and Miron to escape this judgment, or for any fraudulent purpose, I charge you that you shall in this case make a finding that the money is Manoog and Miron Hadshian's money, and subject to this garnishee, although it may stand in the name of David at the bank."

The apparent inaccuracy in the clause first quoted was clearly corrected in the quoted paragraph which followed. During the charge the court more than once repeated in varying language and emphasized the substance of that paragraph in making plain to the jury what was the issue of fact for them and upon whom rested the burden of proving it. Taking the charge in its entirety, we are unable to conclude the clause complained of did or could mislead the jury, or operate as prejudicial error.

Plaintiffs' contention that the verdict is against the great weight of evidence is mainly directed against alleged improbabilities and inconsistencies pointed out in the conflicting testimony of claimant's witnesses. There clearly was an issue of fact made by the understandable conflicting testimony and claims of the respective parties. Those witnesses are manifestly of a foreign type whose mental processes and testimony, whether conveyed in broken English or through an interpreter, may often be better understood and weighed by those who can both hear and see them testify. The trial judge who saw and heard those witnesses and the arguments on their testimony to the jury by counsel for the respective sides was of opinion it could not be said as a conclusion of law that the verdict must be set aside because against the over-

whelming weight of evidence.    Upon this record we are not prepared to disturb that ruling.

As to the alleged error of the court in not granting a new trial because of the claimed importance of the proposed testimony of the absent witness Gibson, no affidavit by Gibson is filed, and no showing that he could be produced at a new trial beyond the general statement in counsel's affidavit that he "knows where he (Gibson) lives and where he works and has good reason to believe that he can produce him on a new trial." How counsel learned what Gibson's testimony would be is not shown, and so far as he states it in his affidavit, he fails to show it is not a purely hearsay statement.    Gibson was not a newly-discovered witness.    He had been subpœnaed for this trial by plaintiffs and failed to appear, as their motion shows, but no application was made for a continuance, or delay of the trial until he could be produced.    We find no abuse of discretion in refusal of the court to grant a new trial on that ground, or because plaintiffs expect to be able to prove from the war records evidence of misstatements by the Hadshians as to the time of their immigration to this country.    New trials are not ordinarily granted because of newly-discovered evidence to impeach a witness.    *Spray* v. *Ayotte,* 161 Mich. 593.    We discover nothing in plaintiff's showing for a new trial making it mandatory on the court to grant it.    Neither do we find any such abuse of the discretionary powers of the court as call for our interference.    *Luckhurst* v. *Schroeder,* 183 Mich. 487; *In re Cutter's Estate,* 194 Mich. 34.

We find no prejudicial error demanding reversal, and the judgment will stand affirmed.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.