SLINKARD *v.* NATIONAL MACHINE & TOOL CO.

1. RELEASE—JOINT TORTFEASORS—COVENANT NOT TO SUE.
   An instrument executed by injured party, releasing one of several joint tortfeasors, releases all such tortfeasors, but a covenant not to sue releases only the party therein named.

2. SAME—COVENANT NOT TO SUE.
   Instrument entitled "covenant not to sue" *held*, not to release from liability joint tortfeasors not therein released.

3. APPEAL AND ERROR — DIRECTED VERDICT — EVIDENCE VIEWED IN LIGHT MOST FAVORABLE TO APPELLANT.
   On appeal from directed verdict for defendants, evidence is viewed in light most favorable to plaintiff.

4. AUTOMOBILES—MASTER AND SERVANT—KNOWLEDGE AND CONSENT TO PERSONAL USE.
   In action against employee and employer for injuries inflicted by latter's automobile while former was using it to take family to boat races, record *held*, to justify directed verdict for employer on ground that car was being used without its knowledge or consent, express or implied.

5. EVIDENCE—HEARSAY—MASTER AND SERVANT.
   Statement by employee to employer's insurer that car was being used with employer's consent would be hearsay as to employer in action by administratrix of fatally injured person.

6. APPEAL AND ERROR—NEW TRIAL—QUESTIONS REVIEWABLE.
   On appeal from denial of motion for new trial in personal injury action against employee and corporate employer where no specific contention was made before circuit judge at hearing on the motion that employee's statement that car was being used with employer's consent was made before employer's president, such matter may not be reviewed on appeal.

7. NEW TRIAL—DISCRETION OF COURT—NEWLY-DISCOVERED EVIDENCE.
   Denial of motion for new trial in action by administratrix against driver and his corporate employer for fatal injuries to her decedent on ground of newly-discovered evidence *held*, not

an abuse of discretion, where case against employee was not affected by such evidence, consisting of his alleged admission that car was being used with employer's express or implied consent, such admission was but hearsay as to employer and would only possibly be of value for impeachment purposes.

8. SAME—NEWLY-DISCOVERED EVIDENCE—IMPEACHMENT.
   Ordinarily a new trial will not be granted because of newly-discovered evidence to impeach a witness.

9. SAME—NEWLY-DISCOVERED EVIDENCE—DISCRETION OF COURT.
   Granting a new trial on the ground of newly-discovered evidence is largely within discretion of trial court.

POTTER, J., dissenting.

Appeal from Jackson; Simpson (John), J. Submitted January 10, 1936. (Docket No. 36, Calendar No. 38,308.) Decided March 2, 1936. Rehearing denied April 7, 1936.

Case by Mary Louise Slinkard, as administratrix of the estate of Herbert Slinkard, deceased, against the National Machine & Tool Company, a Michigan corporation, and Fred E. Doney, for personal injuries resulting in death of plaintiff's decedent due to negligence of defendants. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed as to defendant National Machine & Tool Company. Reversed with new trial as to defendant Doney.

*Birnkrant, Birnkrant & Birnkrant* and *Blackman & Blackman,* for plaintiff.

*Beaumont, Smith & Harris* and *Bisbee, McKone, Wilson, King & Kendall,* for defendants.

NORTH, C. J. While standing in a safety zone at the intersection of two highways plaintiff's decedent was struck by a Ford pick-up car and received injuries from which he died. The automobile was owned

by defendant National Machine & Tool Company; but at the time of the accident it was being driven by defendant Doney. Doney was employed by the tool company as a shipping clerk. Another automobile driven by a Mr. H. A. Walker was also involved in the accident. Prior to bringing the instant suit plaintiff for a valuable consideration entered into a covenant with Walker not to sue. At the close of plaintiff's proofs verdict was directed for defendants. Plaintiff has appealed.

As to defendant Doney the trial court in directing verdict based decision on the ground that plaintiff by releasing Walker, one of the tortfeasors, also released the other alleged tortfeasors. If proper, the same ruling would also release the defendant corporation. The covenant not to sue, which is in the record, was held by the judge to be a release. In this we think he was in error. By their brief appellees seem to admit the instrument is just what it is labeled—"covenant not to sue." As such it did not release these defendants. *Cook* v. *City Transport Corp.*, 272 Mich. 91, wherein decision was rendered since the trial of this case in the circuit. We are not in accord with appellees' contention that the law of the *Cook Case* is not applicable to the instant case because of a different factual situation. The principle of law is as applicable to the one case as to the other. Plaintiff's "covenant not to sue" Walker was not a bar to her right of action, if any, against either of defendants.

As to the defendant National Machine & Tool Company verdict was directed on the further ground that the undisputed proof disclosed that defendant Doney on the occasion of the accident was driving the Ford car solely for the convenience and pleasure of himself and family, and was so using the automo-

bile without the knowledge or consent, either expressed or implied, of the owner, the defendant corporation. But appellant contends that the record in this particular presents an issue of fact. The contention is that there is testimony of facts and circumstances touching the use and control of the Ford car by Doney from which a jury might find that the corporation consented to such use and had knowledge of such use, notwithstanding the undisputed oral testimony to the contrary.

In passing upon the correctness of the ruling of the circuit judge in directing a verdict, we must view the testimony in the light most favorable to appellant.

At the time of the accident Doney, accompanied by his wife and three children, was driving from Jackson to Detroit to attend boat races. The accident happened at Dearborn. Doney testified that he had expected to make the trip with a relative and in the latter's automobile; but about the time they had planned to start on the trip it developed that the relative was unable to go. Thereupon, Doney testified, he attempted by telephone to learn from his superior whether he might be permitted to use the company's car; that he failed to get in touch with the party from whom he sought permission and that he then took the car without either the knowledge or consent of his employer or anyone authorized to act for it.

The automobile had been purchased by the defendant corporation about two years prior to the accident and in the meantime had been in Doney's control and used by him in the company's business. It was kept in a garage rented by the defendant corporation but located near Doney's home. He was permitted to use it in driving back and forth from

his home to his work. Doney also testified, "we used it (the Ford automobile) once in a while when all of my family went for a ride." He further testified:

"*Q.* Did you take it out in the evening at all?

"*A.* Once in a great while. Not regular. * * *

"*Q.* They knew you had a wife and children, did they not?

"*A.* Yes, sir.

"*Q.* Did you have this truck, you say, two years?

"*A.* I got the truck in 1929.

"*Q.* '29. You had it two years prior to this accident?

"*A.* About that.

"*Q.* And you were the only driver of this truck, were you not?

"*A.* Yes, sir. * * *

"*Q.* How soon after you got this truck in 1929, what is the first time you took your children and wife for a ride?

"*A.* I could not tell you, I don't remember. * * *

"*Q.* How many times a week would you take them out?

"*A.* Oh, I don't remember; I can't, at that time.

"*Q.* Would you say three times?

"*A.* No.

"*Q.* Would you say twice a week?

"*A.* Some weeks possibly.

"*Q.* During the two years that you had this truck off and on you used to take your wife and children out for a ride?

"*A.* Once in a great while. * * *

"*Q.* Now, you stated that on several occasions prior to the time of this accident you did use this Ford truck for your own uses, personal uses?

"*A.* Yes, sir."

The foregoing is the substance of the testimony in the record as to the use Doney had made of the

car for his own personal convenience or pleasure or that of his family. Otherwise the undisputed testimony in the record is that Doney did not have the consent of his employer to use the automobile on the occasion of the accident; but on the contrary, that he had been specifically forbidden to drive the particular Ford truck at any time for his personal use; and that on the occasions when he had used it outside of his employer's business such use was without the employer's permission. Except the claim of mere inference, which we think the record does not justify, there is no testimony that the employer had any knowledge of the personal use Doney made at times of the Ford automobile or that it either expressly or impliedly consented thereto. There is no claim that on the occasion of the accident the automobile was being used in the employer's business. Under the testimony as presented the trial court was justified in directing a verdict in favor of the National Machine & Tool Company.

Error is further assigned on the trial court's denial of plaintiff's motion for a new trial, and also on the ruling of the trial court incident to hearing the motion for a new trial. Subsequent to the trial plaintiff's counsel was informed that, in connection with an investigation by the insurer of the Ford automobile involved in this accident, defendant Doney had stated he was using the automobile with the consent of his employer at the time of the accident. On the hearing of the motion for a new trial the stenographer who took and transcribed Doney's statement was produced as a witness. Also the attorney representing the insurance company, who had in his possession a transcript of the alleged statement of defendant Doney, was present as a witness. Counsel representing the defendants and the insur-

ance company objected to divulging the contents of the statement on the ground that such statement in the possession of the attorney representing the insurance company, or of the stenographer who took and transcribed it, was privileged. The circuit judge sustained the objection and refused to compel disclosure.

Regardless of whether Doney's statement was privileged, we think other reasons for sustaining the ruling of the trial judge are apparent. The testimony which plaintiff sought to discover has no material bearing upon her right to recover against defendant Doney. His liability, if any, as the driver of the automobile in no way depends upon whether he was driving it with or without the consent of the owner. As to the other defendant, any statement made by Doney to the attorney representing the insurance company was hearsay. By a showing made in this court it is asserted on information and belief that Doney's statement was made in the presence of the president and general manager of the defendant National Machine & Tool Company. No specific contention of this character was made before the circuit judge and we cannot consider it on this appeal. The gist of the showing before the trial judge in the affidavit filed in support of plaintiff's motion for a new trial is:

"Deponent verily believes that the said statement contains admissions made by said Fred E. Doney and others which would show that the said Fred E. Doney was operating the said car with the consent, express or implied, of the defendant, National Machine & Tool Company."

Even if it be conceded that the testimony which plaintiff now seeks to obtain might, on retrial, be of

some value for impeachment purposes, this would not justify granting a new trial. The circuit judge did not exceed the bounds of his discretion in denying plaintiff's motion for a new trial.

"Ordinarily a new trial will not be granted because of newly-discovered evidence to impeach a witness." *Spray* v. *Ayotte,* 161 Mich. 593.

"New trials are not ordinarily granted because of newly-discovered evidence to impeach a witness." *Karahlanian* v. *Hadshian,* 238 Mich. 447.

"And we should also add that the matter of granting a new trial on the ground of newly-discovered evidence was largely a matter of discretion for the trial court." *Luckhurst* v. *Schroeder,* 183 Mich. 487, 500.

See, also, *J. L. Hudson Co.* v. *Barnett,* 255 Mich. 465.

The judgment entered in the circuit court in favor of the defendant National Machine & Tool Company is affirmed, with costs; but the judgment entered in favor of defendant Fred E. Doney will be set aside, a new trial ordered, with costs of this court against said defendant and in favor of appellant.

Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred with North, C. J.

Potter, J. I dissent herein for the reason an agreement was made in open court which was not complied with by defendants.