RECORD PUBLISHING CO. *v.* MERWIN.

1. DEPOSITIONS—NOTICE OF TAKING—WAIVER OF OBJECTIONS.

A deposition offered in evidence was objected to on the ground that the notice of the taking of the same was irregular because it stated an intention to take the deposition on "written interrogatories attached," when in fact none were attached. The deposition was returned three months before the trial, of which return the parties had due notice. Act No. 180, Pub. Acts 1895, § 4, provides that objections to notices of taking depositions shall be regarded as waived unless made within three days after knowledge or notice of the return. *Held,* that the objection came too late.

2. ASSUMPSIT—COMMON COUNTS—WRITTEN CONTRACTS.

Plaintiff sought to recover on the common counts in *assumpsit* for certain advertising. The defendant objected to the introduction of any testimony, for the reason that the advertising was done under a written contract. *Held,* that the objection was properly overruled.

3. TRIAL—INSTRUCTIONS—FAILURE TO PREFER REQUESTS.

In civil cases, counsel should ask for such instructions as will protect their clients, and, failing to do so, cannot complain that instructions to which they were entitled were omitted from the charge of the court.

Error to Wayne; Donovan, J. Submitted October 7, 1897. Decided November 17, 1897.

*Assumpsit* by the Record Publishing Company of Philadelphia against William R. Merwin upon a contract for advertising. From a judgment for plaintiff, defendant brings error. Affirmed.

*Andrew J. Linzee* (*Samuel W. Burroughs,* of counsel), for appellant.

*Frank T. Lodge,* for appellee.

MONTGOMERY, J. Plaintiff recovered upon a written contract for advertising. Defendant brings error. Plain-

tiff made its case by a deposition taken upon notice. When the deposition was offered in evidence, objection was taken to its introduction on the ground that the notice given of the intention to take the same was irregular because it stated an intention to take the deposition on written interrogatories attached, when in fact none were attached.   The trial took place on the 17th of May, and it was stated by counsel on the trial that the deposition had been returned in February, and that the parties had had notice of the return of the deposition.   This statement was not challenged.   It is insisted by plaintiff's counsel that objection to the form of the notice should have been made before trial, and the court so ruled, admitting the deposition.   This ruling was right.   Section 4, Act No. 180, Pub. Acts 1895, provides for the return of depositions to the court in which the case is pending, and for notice of the fact to the parties by mail, and then proceeds as follows:

"Objections to notices of or objections to the manner of taking the testimony, or of certifying or returning the deposition, shall be regarded as waived unless made in writing within three days after knowledge or notice of the return thereof."

Circuit Court Rule 41 provides that such objections shall be noticed for hearing before the court within five days after such objections are made.

Objection was also made to the introduction of any testimony, for the reason that the advertising was done under a written contract, and an effort was made to prove it under the common counts.   We are not aware that any different rule of procedure obtains in a suit upon a written contract than in an action upon an oral contract.

The other errors assigned upon the charge are directed to the failure to give certain instructions which it did not occur to counsel to suggest until after verdict.   It is not too much to ask in civil cases that counsel shall ask for such instructions as shall protect their clients.

The record shows no error.   The judgment will be affirmed.

The other Justices concurred.