### SPRAY *v.* AYOTTE.

1. NEW TRIAL—WEIGHT OF EVIDENCE—PROVINCE OF JURY.
    The credibility of witnesses being for the jury, a new trial will not be granted on error because the verdict is against the weight of evidence when a single witness, who was contradicted, gave the testimony connecting defendant with the alleged wrongful sale of intoxicating liquors to plaintiff's deceased father.

2. SAME—NEWLY DISCOVERED EVIDENCE—IMPEACHMENT.
    Ordinarily a new trial will not be granted because of newly discovered evidence to impeach a witness.

3. SAME.
    A new trial is properly refused upon a showing of newly discovered evidence which might, in the exercise of due diligence, have been produced at the trial.

4. DAMAGES—INTOXICATING LIQUORS—MORTIFICATION AND MENTAL SUFFERING.
    Damages for shame, disgrace, and mortification, which there is no evidence to sustain, are not recoverable in a civil-damage action brought by an infant of seven years of age for the death of his father.

5. TRIAL—APPEAL AND ERROR—REQUESTS TO CHARGE.
    Defendant is not entitled to a reversal for failure of the trial court to give more explicit instructions which were not requested.

161 MICH.—38.

Error to Cheboygan; Shepherd, J. Submitted April 14, 1910. (Docket No. 119.) Decided June 6, 1910.

Case by George F. Spray, by next friend, against Mary Ayotte, Thomas H. Stevenson, Frank V. Lalonde, Anthony Mushilock, John Karwick, and Joseph Pellenz under the civil-damage act, for the unlawful sale of intoxicating liquors to Benjamin Spray, plaintiff's father. A judgment for plaintiff is reviewed by defendant Mushilock on writ of error. Reversed.

*David H. Crowley* and *L. G. Da Foe*, for appellants.

*Reilley & McPhee*, for appellee.

BROOKE, J. This is an action under the statute against two saloon keepers, Ayotte and Mushilock, and their respective bondsmen, brought by the infant son of one who met with his death while intoxicated. Plaintiff had judgment. Defendant Mushilock and his bondsmen bring the case here by writ of error. A motion for a new trial was made upon the claim that the verdict was against the weight of the evidence, and that defendants had discovered new evidence. The motion was denied, and error assigned thereon.

It is apparent from the record that the guilt of defendant Mushilock rested solely upon the testimony of one Koviak, who was flatly contradicted by Thomas Haedys, who, on the night in question, was employed as bartender for defendant Mushilock. While it is clear that Koviak is a man of indifferent morals, it is nevertheless true that upon three distinct occasions he testified positively to the fact that liquor was sold by appellant to Spray on the night in question. He has no apparent interest in the subject-matter of the suit, while Haedys, who contradicts his testimony, may be supposed to be interested in behalf of his employer, Mushilock. We have frequently held that the credibility of witnesses is a matter peculiarly within the province of the jury. They seem to have be-

lieved Koviak rather than Haedys. The circuit judge, who heard the testimony of both, and saw them upon the stand, declined to set aside the verdict as being against the weight of the evidence, and we think he was correct in so holding. *Malinowski* v. *Railway*, 154 Mich. 104 (117 N. W. 565); *Saginaw Milling Co.* v. *Mower*, 154 Mich. 620 (118 N. W. 622).

It is apparent, from an examination of the affidavits filed in support of the motion for a new trial, that the newly discovered evidence is evidence tending solely to impeach the witness Koviak. Ordinarily a new trial will not be granted because of newly discovered evidence to impeach a witness. 29 Cyc. p. 918, and authorities there collected. There seems to have been no good reason why the testimony claimed to have been newly discovered should not have been produced at the time of the trial. This was the third trial, wherein the liability of appellant for this particular sale of liquor was in question. At each trial Koviak was a witness. All of the alleged newly discovered witnesses have lived for many years in the vicinity, and their testimony could have been secured by the exercise of due diligence.

The charge of the court was, in part, as follows:

"Plaintiff may recover damages for feelings or disgrace, shame, and mortification which he has suffered, or may hereafter suffer. * * * You are further instructed that actual damages are regarded as injuries to feelings, shame, and mortification, mental anxiety, insulted honor, and indignation."

We think error is properly assigned upon this portion of the charge. There is no doubt that in a proper case and upon proper testimony damages for the mortification, shame, and disgrace caused by the intoxication can be recovered (*Friend* v. *Dunks*, 37 Mich. 25), but we are unable to find any case which holds that such damages may be awarded to a plaintiff, in the absence of all testimony tending to show that plaintiff has suffered injury on account of this element. The plaintiff in the case at bar was

at the time of the trial but seven years old, and but four years of age when his father died. We think it highly improbable that a child of such tender years could suffer from mortification, shame, and disgrace on account of his father's intoxication. Damages for this element have been refused in the case of a plaintiff 11 years old, where the father was an habitual drunkard (*Sissing* v. *Beach*, 99 Mich. 439 [58 N. W. 364]), and in the case of an adult plaintiff, where there was no evidence of mortification or mental anguish on account of the intoxication (*Johnson* v. *Schultz*, 74 Mich. 75 [41 N. W. 865]). In the absence of all testimony upon the question, the jury should not have been permitted to enter the realm of speculation.

Error is assigned upon other portions of the charge, it being claimed that in some respects it was erroneous, and in others not sufficiently explicit. We find no error, except as above indicated, and if defendants desired more explicit instructions, it was their duty to have tendered requests to charge, which was not done. They cannot now complain. *Mahiat* v. *Codde*, 106 Mich. 387 (64 N. W. 194); *Record Publishing Co.* v. *Merwin*, 115 Mich. 10 (72 N. W. 998); *McGee* v. *Baumgartner*, 121 Mich. 287 (80 N. W. 21); *Field* v. *Magee*, 122 Mich. 556 (81 N. W. 354); *Hewitt* v. *Lumber Co.*; 136 Mich. 110 (98 N. W. 992).

Other errors are assigned upon the admission of testimony and remarks of counsel. As such are not likely to arise upon another trial, they require no discussion.

For the error pointed out, the judgment is reversed, and a new trial granted.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.