SAKORRAPHOS *v.* EASTMAN KODAK STORES, INC.

1. AUTOMOBILES — NEGLIGENCE — PEDESTRIAN'S RIGHT-OF-WAY — IN-
   STRUCTIONS—VIOLATION OF STATUTES—VIOLATION OF ORDINANCE.
   > Failure of trial court to instruct jury that northbound right-
   > turning motorist was guilty of negligence *per se* in failing to
   > accord right-of-way to northbound plaintiff pedestrian on east
   > crosswalk even though plaintiff's counsel had failed to make a
   > request so to charge, based on State statute making such a
   > failure by a motorist negligence *per se,* although he had made
   > a request based on applicable local ordinance which differed in
   > that its violation was merely evidence of negligence and not
   > negligence *per se* and such request had been given *held,* re-
   > versible error, since plaintiff's proofs depended in very large
   > part upon application of the statute to support his claim that
   > defendant's driver was negligent (CLS 1956, § 257.612).

2. TRIAL — INSTRUCTIONS — PLEADING — EVIDENCE — REQUEST TO
   CHARGE.
   > It is the duty of the court to present to the jury the substantial
   > issues in the cause raised by the pleadings and supported by
   > evidence governing the rights of the parties, whether or not
   > any specific instructions are requested by counsel (Court Rule
   > No 37, § 9 [1945]).

3. SAME—INSTRUCTIONS—REQUEST TO CHARGE.
   > Counsel who desire additional or more specific instructions upon
   > any particular point, after the court instructs the jury on the
   > basic elements of the case, must frame a special request to the
   > court to charge as desired or be deemed satisfied with instruc-
   > tions as given, and an exception based upon the want of suffi-
   > ciency on particular points of law cannot be assigned as error
   > (Court Rule No 37, § 9 [1945]).

DETHMERS, KELLY, and BLACK, JJ., dissenting.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic §§ 231, 1094,
1095.
[2] 53 Am Jur, Trial § 510.
[3] 53 Am Jur, Trial § 513.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted October 23, 1961. (Docket No. 103, Calendar No. 48,601.) Decided July 2, 1962. Rehearing denied September 7, 1962.

Case by Stilos Sakorraphos against Eastman Kodak Stores, Inc., a Michigan corporation, for personal injuries sustained in automobile-pedestrian accident at crosswalk on November 21, 1956. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Cassese, Batchelder, Jasmer & Evanski (Frederick D. Jasmer,* of counsel), for plaintiff.

*Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr (Edward P. Echlin,* of counsel on application for rehearing), for defendant.

SOURIS, J. In the trial of this case, the jury was instructed that there was a city ordinance which required drivers of vehicles turning right on a green traffic signal to yield the right-of-way to pedestrians lawfully in a crosswalk and that violation of the ordinance is evidence of negligence, but not negligence *per se.* The circuit judge did not instruct the jury that there was a comparable statute (CLS 1956, § 257.612 [Stat Ann 1960 Rev § 9.2312]), violation of which would be negligence *per se.* Following denial of his motion for new trial, after jury verdict for defendant, plaintiff appeals, claiming failure of the court to instruct the jury on the applicable statute constitutes reversible error. Other errors are assigned, but will not be discussed in view of the disposition we must make of this appeal.

Plaintiff testified he was walking north on Woodward avenue in Detroit and stopped on the curb at Cadillac Square in obedience to a red traffic light. When the traffic light turned green, he said he looked to the left and to the right and, seeing that the way

was clear, proceeded into the marked crosswalk. He had taken only 3 or 4 steps into the crosswalk when defendant's car, making a right turn off Woodward onto Cadillac Square, struck plaintiff, causing him injuries. Based upon these facts, plaintiff claimed below, and claims here, that he had the right-of-way in the crosswalk and defendant's driver was obliged, by the statute as well as the ordinance, to yield him that right-of-way, failure to do which constituted negligence *per se* on the part of defendant.

It was defendant's theory, supported at least by inference from the evidence presented, that plaintiff did not enter the crosswalk until its car had proceeded substantially through it in making its turn and that plaintiff ran into the right side of the car, just in front of the rear fender, because of his own negligent failure to observe what was there to be seen.

Quite clearly there was an issue of fact to be resolved by the jury, but its resolution fairly to both parties required the jury to be instructed upon the statute cited and the legal consequences in the event the jury found it to have been violated. Failure to instruct the jury on this aspect of the case, we conclude, was prejudicial to plaintiff's rights and requires our reversal and remand for a new trial.

It should be noted that plaintiff's counsel failed to request an instruction on the statute although he did submit a request for instruction on the applicable ordinance, which was given in substance, and although the statute was relied upon in plaintiff's declaration. At the hearing on the motion for new trial, Judge Gilmore correctly observed that he should have instructed the jury on the statute even in the absence of request to do so,* but he concluded the error was not so prejudicial to plaintiff that a

* See *Barton* v. *Gray,* 57 Mich 622, 631, 632; *Huffman* v. *First Baptist Church of Flushing,* 355 Mich 437, 445–447; *Hicks* v. *B & B Distributors, Inc.,* 353 Mich 488, 491, 492; and *Martiniano* v. *Booth,* 359 Mich 680, 688.

new trial was required. We disagree. Plaintiff's proofs depended in very large part upon application of the statute to support his claim that defendant's driver was negligent. Absent an instruction on the statute, and on the legal effect of its violation, plaintiff's case was seriously weakened and a new trial is required to correct the error.

It is the duty of the court to present to the jury the substantial issues in the cause raised by the pleadings and supported by evidence governing the rights of the parties, whether or not any specific instructions are requested by counsel. This duty was not performed by the trial judge in this cause. He did not instruct the jury that if it found defendant had violated the statutory provisions pleaded by the plaintiff, such statutory violations would constitute negligence *per se. Barton* v. *Gray,* 57 Mich 622; *Martiniano* v. *Booth,* 359 Mich 680, 688. Absent an instruction on the statutes and their legal effect, plaintiff's cause was seriously weakened. If, after the court instructs the jury on the basic elements of the case, counsel desires additional or more specific instructions upon any particular point, it is his duty to frame a special request to the court to charge as desired. Omitting or neglecting to do so, he will be deemed to be satisfied with the instructions as given, and an exception based upon the want of sufficiency on particular points of law cannot be assigned as error.

The failure to properly charge in the instant case is not the type of error contemplated by Court Rule No 37, § 9 (1945).* See *Martiniano* v. *Booth, supra,* and cases therein cited.

---

* "The court shall instruct the jury as to the law applicable to the case whenever a verdict is to be rendered, and in his charge may make such comment on the evidence, the testimony and the character of the witnesses as in his opinion the interests of justice may require. The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested."

Reversed and remanded for new trial. Costs to plaintiff.

Carr, C. J., and Kavanagh and Otis M. Smith, JJ., concurred with Souris, J.

Black, J. (*dissenting*). As in *Martiniano* v. *Booth,* 359 Mich 680, we divide again respecting the meaningful purpose of the last sentence of section 9 of Court Rule No 37 (1945). By oversight or tactical design, we know not which, this unsuccessful plaintiff in negligence omitted timely request that the trial judge charge the jury with respect to 1 of the points of law made by his declaration and disputed proof. Appealing, he would have us hold that the judge erred reversibly by omission of charge to such point.

I cannot agree with any like appellant who, for aught we know, has calculated and placed his bet for a winning verdict on a general charge, admittedly proper, rather than the same charge hopped up by a specific addition he could but did not ask for. The error, if any, was that of his counsel—not of the trial judge. The judge's charge otherwise, viewed as a whole, presented generally and fairly "the substantial issues in the cause" (quotation from *Barton* v. *Gray,* 57 Mich 622, 631, 632; quoted more fully in *Martiniano,* pp 688, 689) and that is all counsel may ask in the absence of a request or requests framed in terms of greater detail. To make it plain, a trial judge is not obliged to guess what counsel may want included with general and otherwise proper jury instructions when counsel fail to advise him duly of their wishes.

There is one field of law, the adjective or procedural, in which appellate courts can and should write with pinpointed precision and ever-desirable certainty. In the context of today's issue we have

repeatedly done so, by dovetailing decisions and a 32-year-old court rule, and it is necessary only to record again that the relevant portion of section 9 of 1931 Court Rule No 37 means just what it says. The section (as it appears by the revision of 1945):

. "The court shall instruct the jury as to the law applicable to the case whenever a verdict is to be rendered, and in his charge may make such comment on the evidence, the testimony and the character of the witnesses as in his opinion the interests of justice may require. *The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested.*"

Veterans of the bar will recall, when the so-called Sunderland rules of 1931 were publicly debated and considered prior to their adoption, that the emphasized final sentence of quoted section 9 was fully and advisedly understood as reflecting, in form of rule, the previously consistent rulings of this Court, that is to say, one who takes his chances with such requested instructions as he may choose to proffer cannot "lie in wait" and then, if the jury decide against him, assert as judicial error his own omission. One need but recall the bellwether of these cases (*Kinney* v. *Folkerts,* 84 Mich 616), quoted in *Hartwig* v. *Kell,* 199 Mich 603, 611, 612 as follows:

. "If more full or specific instructions upon any particular point was desired, it was the duty of the defendant to frame and present a special request covering the point. 'Omitting or neglecting to do so, he will be deemed satisfied with the sufficiency of the instructions as given, and an exception based upon the want of sufficiency cannot be assigned as error.' *Walters* v. *Detroit United Railway,* 183 Mich 549 (Ann Cas 1916B, 382); *Barton* v. *Gray,* 57 Mich 622; *Barnett* v. *Farmers' Mutual Fire Insurance Co.,* 115 Mich 247; *Spray* v. *Ayotte,* 161 Mich 593; *Lewis*

v. *Detroit Vitrified Brick Co.,* 164 Mich 489. 'Parties cannot remain silent, and thereby lie in wait to ground error, after the trial is over, upon a neglect of the court to instruct the jury as to something which was not called to its attention on the trial, especially in civil cases.' *Kinney* v. *Folkerts,* 84 Mich 616, 625; *Hewitt* v. *East Jordan Lumber Co.,* 136 Mich 110."

The rule of *Kinney* v. *Folkerts* was consistently followed up to the time of its echo by explicit court rule. See *Grove* v. *Youell,* 110 Mich 285, 291 (33 LRA 297); *Hewitt* v. *East Jordan Lumber Co.,* 136 Mich 110, 112; *Stuart* v. *Holt,* 166 Mich 549; *Hartwig* v. *Kell, supra; Tishhouse* v. *Schoenberg,* 234 Mich 271, 272. That rule, fortified now by said section 9, controls and dictates ruling that omission of counsel to request and omission of Judge Gilmore to instruct, upon plaintiff's claim that defendant was negligent *per se,* under CLS 1956, § 257.612 (Stat Ann 1960 Rev § 9.2312), does not constitute reversible error. As said in *Record Publishing Co.* v. *Merwin,* 115 Mich 10, 11:

"The other errors assigned upon the charge are directed to the failure to give certain instructions which it did not occur to counsel to suggest until after verdict. It is not too much to ask in civil cases that counsel shall ask for such instructions as shall protect their clients."

When it is the will of this Court that an errant appellant shall—in the total absence of valid specification of error—receive our benign grant of new trial, let us say what we mean and record what we do, that is to say, let us declare and then exercise our inherently independent power to "order a new trial whenever it [this Court] deems that the ends of justice so require." See, with respect to such power and its exercise in favor of another appellant

whose potential assignment of error had been waived, *St. John* v. *Nichols,* 331 Mich 148, 158 (followed in *Weller* v. *Mancha,* 353 Mich 189, 195, and *Bahr* v. *Miller Brothers Creamery,* 365 Mich 415, 428). And let us take pertinent note that our trial judges, especially those of the third circuit, have enough assembly-line trouble already without compelling them to pick the strategic brains of counsel for possible omission of instruction "on *any* point of law."

Here there is no occasion for any such extraordinary judicial gratuity. The appellant plaintiff's case was dangerously close (as the trial judge noted on several occasions) to the frontier of an instructed verdict, and it was only on account of our enduring rule that *"all* reasonable men" must agree (see collection of cases in *Normand* v. *Thomas Theatre Corp.,* 349 Mich 50, 56, 57) that he received due trial to a jury. The trial judge's charge, considered as a whole, presented fairly and generally the law applicable to the case and no criticism thereof arose until the cards of the verdict turned up in favor of the defendant. We should adhere, then, to the standard rule that law cases are rightfully affirmed when the record discloses an absence of reversible error.

Having considered appellant's remaining specifications of error, and discovering nothing of reversible nature, I vote to affirm with costs to defendant.

DETHMERS and KELLY, JJ., concurred with BLACK, J.

ADAMS, J., took no part in the decision of this case.