## LUCE v GEROW

Docket No. 78-1011. Submitted December 8, 1978, at Grand Rapids.—
Decided April 16, 1979.

　　Lawrence W. Luce and his wife Donna M. Luce brought an action
　　against Fred M. Gerow for damages for injuries suffered in an
　　automobile collision. Mrs. Luce suffered no physical injuries in
　　the collision but alleged negligent infliction of emotional distur-
　　bance, claiming that she suffered an emotional shock and
　　resulting physical symptoms from witnessing and dealing with
　　her husband's injuries. Mr. Luce's injury claim and Mrs. Luce's
　　loss of consortium claim were settled. At trial, Mrs. Luce's
　　emotional injury claim was dismissed for failure to state a
　　claim upon which relief may be granted, and summary judg-
　　ment was entered in favor of the defendant, Muskegon Circuit
　　Court, Wade Van Valkenburg, J. Mrs. Luce appeals. *Held:*

　　Summary judgment was improper. The Legislature did not
　　intend to exclude the possibility of recovery for mental injury
　　resulting in physical symptoms when it enacted the no-fault
　　automobile insurance statute. The section of the statute which
　　retains tort liability in a case of "serious impairment of body
　　function" is not limited to physical injuries. The fact that the
　　mental injuries claimed resulted from witnessing her husband's
　　physical injuries does not affect the compensability of Mrs.
　　Luce's injuries, if proven.

　　Reversed and remanded.

1. AUTOMOBILES — INSURANCE — LIABILITY — STATUTES.

　　The no-fault automobile insurance statute retains traditional tort
　　liability if certain threshold requirements are met; the require-
　　ments are "death, serious impairment of body function or
　　permanent serious disfigurement" (MCL 500.3135[1]; MSA
　　24.13135[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1] New Topic Service, No-Fault Insurance §§ 14, 15.
[2] New Topic Service, No-Fault Insurance § 26.
[3] 75 Am Jur 2d, Trial § 363.

2. AUTOMOBILES — INSURANCE — LIABILITY — PHYSICAL INJURIES —
   MENTAL INJURIES — STATUTES.

   The section of the no-fault automobile insurance statute which
   retains tort liability on a showing of certain injuries is not
   limited to physical injuries; the Legislature did not intend, by
   its use of the term "body function", to exclude the possibility of
   recovering for mental injuries resulting in physical symptoms
   (MCL 500.3135[1]; MSA 24.13135[1]).

3. AUTOMOBILES — NEGLIGENCE — MENTAL OR EMOTIONAL INJURY —
   QUESTION OF FACT.

   The questions of whether a plaintiff in an automobile negligence
   case has sustained a mental or emotional injury which impairs
   a body function and whether that impairment is serious are
   questions of fact for the jury.

*Norman C. Halbower,* for plaintiffs.

*Marcus, Ruck, Flynn & Hipkiss, P.C.,* for defendant.

Before: T. M. BURNS, P.J., and M. J. KELLY and D. F. WALSH, JJ.

T. M. BURNS, P.J. This case raises an important question under the no-fault automobile insurance chapter concerning the extent to which § 3135(1)[1] retains traditional tort liability for injuries which are emotionally or mentally based.

The car plaintiff Donna Luce was driving was struck head-on when the vehicle defendant Fred Gerow was driving crossed the center lane of a five-lane highway. Plaintiff received no serious physical injuries in the accident but her husband, who was riding in the passenger seat, sustained serious head injuries which are permanent in nature. Mrs. Luce claims that she suffered an emotional shock which has resulted in physical symptoms from seeing her husband at the time of

---

[1] MCL 500.3135(1); MSA 24.13135(1).

the crash and as a reaction to his continuing poor condition.

The Luces brought suit to recover for the husband's physical injuries, Mrs. Luce's loss of consortium, and an independent claim of negligent infliction of emotional disturbance on behalf of Mrs. Luce. The husband's claim and Mrs. Luce's claim for consortium were settled. Mrs. Luce's claim for "mental" injury was dismissed at the conclusion of her opening statement at trial, under GCR 1963, 117.2(1) (failure to state a claim upon which relief may be granted), because the trial court was of the view that a "mental injury" could not be impairment of a "body" function as that term is used in § 3135(1).

We begin our analysis by concluding that plaintiff has stated a cause of action which the courts of this state would have recognized before passage of the no-fault act. She claims that she witnessed a grievous injury inflicted on her husband which caused a mental injury which resulted in definite and objective physical symptoms. *Daley v LaCroix,* 384 Mich 4; 179 NW2d 390 (1970), *Toms v McConnell,* 45 Mich App 647; 207 NW2d 140 (1973), 2 Restatement Torts, 2d, § 436. Indeed, defendant seems to have conceded as much at oral argument.

The section of the no-fault chapter involved, MCL 500.3135(1); MSA 24.13135(1), retains traditional tort liability if certain threshold requirements are met. It provides:

"A person remains subject to tort liability for noneconomic loss caused by his ownership, maintenance or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement."

Defendant urged, both in the brief and at oral

argument, that the Legislature did not intend to retain liability for mental injuries, even those resulting in physical symptoms, which had been previously recognized. The conclusion is supposedly drawn from the plain language of the statute and we are asked to focus particularly on the phrases "injured person" and "serious impairment of *body* function". The circuit court focused on the word "body" and found that this was to mean physical injury as opposed to mental injury.

The statutory phrase requiring a threshold showing of serious impairment of body function has not been definitively defined either in another section of the act or by the courts. See, *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 447-478; 208 NW2d 469 (1973). Most of the decisions construing the phrase deal with whether a particular physical injury was in fact "serious" or review a circuit court's attempt to define the phrase for a jury. *Cassidy v McGovern,* 86 Mich App 321; 272 NW2d 644 (1978), *Stevens v Hogue,* 85 Mich App 185; 270 NW2d 735 (1978), *lv den* 404 Mich 828 (1979), *Vitale v Danylak,* 74 Mich App 615; 254 NW2d 593 (1977), *McKendrick v Petrucci,* 71 Mich App 200; 247 NW2d 349 (1976).

The question in this case is different than that faced in the earlier cases. We must decide whether the Legislature intended to exclude an entire class of injured persons, not because of the seriousness of their injury, but because of the type of injury sustained.

We reject defendant's contention that the section retaining tort liability on a showing of a certain threshold is limited to physical injuries. An injury to mental well being can be as much an injury to a "body function" as an injury to an arm

or a leg. Once it is accepted that mental injuries, with physical consequences, are "real" injuries, defendant's position becomes unsupportable either in law or in logic. It is clear that under present medical and legal theory, mental injuries are considered just as real as physical injuries. We therefore hold, as a matter of law, that the Legislature did not intend to exclude the possibility of recovering for mental injuries resulting in physical symptoms by using the term "body function" in § 3135(1).[2]

This category of injuries may be compensable. Whether a particular plaintiff has sustained a mental or emotional injury which impairs a body function and whether that impairment is serious remain questions for the jury under the cases cited above.[3] The trial court erred in dismissing plaintiff's suit on this basis.

Defendant also claims that plaintiff cannot recover for her injuries because she was not the "injured person" contemplated by § 3135(1). Under this view, the husband is the injured person and

[2] Many of the concepts and most of the theory upon which our no-fault act are built come from the Uniform Motor Vehicle Accident Reparations Act (UMVARA), 13 ULA (Master ed), p 349 *et seq.* See, *Pries v Travelers Ins Co,* 86 Mich App 221; 272 NW2d 247 (1978).

One of the thresholds for retained tort liability in the Uniform Act is "significant permanent injury". UMVARA § 5(a)(7). Injury is defined in § 1(a)(4) of the Uniform Act to include "bodily harm, sickness, disease, or death". The commissioner's comment to this section states: "This definition is taken from tort liability policy forms and is used throughout the Act to distinguish personal injury from harm to property. These terms do not distinguish between 'mental' and 'physical' illness."

Like the Uniform Act, our act should not be interpreted to distinguish between results of a physical injury and results of a mental injury. Both should be compensable once the threshold of "serious impairment of body function" is met.

[3] Defendant conceded at oral argument that plaintiff's allegations and intended proofs are sufficient to avoid summary judgment under GCR 1963, 117.2(3) (no issue of fact) if we hold that such injuries are not excluded from retained liability under the act.

plaintiff's condition is merely a reaction to his injuries.

Much of what was said above applies here. The apparent assumption underlying defendant's argument is that plaintiff's injury is somehow less real, and therefore, not worthy of being compensated for, because none of her bones were broken. We cannot accept this proposition. If plaintiff's allegations are proved and accepted by the jury, it is apparent that she was "injured" in the accident. Compare *Toms v McConnell, supra.* Just as the jury should have been allowed to find that the mother was injured by watching her child being run over in *Toms,* the jury should be allowed to find that Mrs. Luce was injured, in her own right, by invasion of a protected property interest in mental well being, by witnessing and dealing with her husband's condition in this case.

Reversed and remanded for proceedings consistent with this opinion. No costs, construction of a statute being involved.