## WARNER v BRIGHAM

Docket No. 78-838. Submitted February 7, 1979, at Lansing.—Decided June 6, 1979.

Linda K. Warner was injured when the car in which she was riding was struck by an automobile driven by Michael A. Brigham. Mrs. Warner, William H. Warner, her husband, and William H. Warner, Jr., her son, brought an action against Michael A. Brigham to recover for noneconomic losses suffered as a result of the accident, alleging serious impairment of a body function and permanent serious disfigurement. The Washtenaw Circuit Court, Edward D. Deake, J., dismissed William Warner's claim for loss of consortium. The plaintiffs appeal. The sole issue on appeal is whether the trial court erred in holding that loss of consortium does not survive under the no-fault automobile insurance act. *Held:*

A cause of action for loss of consortium does survive under the no-fault act where the injuries suffered by a plaintiff's spouse meet the threshold requirements of the no-fault act. The injuries suffered by Mrs. Warner met this requirement and Mr. Warner is entitled to press his claim for loss of consortium.

Reversed and remanded for trial on the issue of damages suffered by Mr. Warner.

BASHARA, P.J., dissented. He would hold that the Legislature, in enacting the no-fault act, intended to abolish the type of common-law derivative tort action contemplated by an action for damages for loss of consortium. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES

[1] New Topic Service Am Jur 2d, No-Fault Insurance § 15.
[2] New Topic Service Am Jur 2d, No-Fault Insurance § 26.
[3] 73 Am Jur 2d, Statutes §§ 145, 146, 194, 195.
[4] 73 Am Jur 2d, Statutes §§ 194, 195.
New Topic Service Am Jur 2d, No-Fault Insurance § 14.
[5] New Topic Service Am Jur 2d, No-Fault Insurance §§ 14, 26.
[6] 73 Am Jur 2d, Statutes §§ 314-316.
[7] 16 Am Jur 2d, Constitutional Law § 550.
[8] 73 Am Jur 2d, Statutes § 274.
New Topic Service Am Jur 2d, No-Fault Insurance § 15.

OPINION OF THE COURT

1. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — TRADI-
   TIONAL TORT LIABILITY — THRESHOLD REQUIREMENTS — STAT-
   UTES.

   The provision of the no-fault automobile insurance act which
   abolishes much of the traditional tort liability arising out of the
   ownership, maintenance or use of a motor vehicle does retain
   traditional tort liability if certain threshold requirements are
   met; once the threshold is crossed, the parties step from the
   purely statutory realm of no-fault back into the common law
   and recovery for any noneconomic loss compensable at common
   law may be sought (MCL 500.3135; MSA 24.13135).

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — NONECO-
   NOMIC LOSS — LOSS OF CONSORTIUM — THRESHOLD REQUIRE-
   MENT.

   A cause of action for loss of consortium still exists under the no-
   fault automobile insurance act where a plaintiff's spouse has
   suffered death, serious impairment of body function or perma-
   nent serious disfigurement.

DISSENT BY BASHARA, P.J.

3. STATUTES — AMBIGUITIES — JUDICIAL CONSTRUCTION — LEGISLA-
   TIVE PURPOSE — OBJECT OF STATUTE.

   *A statute which is ambiguous or susceptible to two or more
   interpretations is open to judicial construction and should be
   reasonably construed in light of the legislative purpose of the
   statute and the object sought to be accomplished.*

4. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — TORT LIA-
   BILITY.

   *The provision in the no-fault automobile insurance act which
   abolishes tort liability with several exceptions is sufficiently
   lacking in clarity so as to necessitate judicial construction
   (MCL 500.2135; MSA 24.13135).*

5. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — TORT LIA-
   BILITY — DERIVATIVE ACTIONS — LOSS OF CONSORTIUM.

   *It was the intent of the Legislature, in enacting the provision in
   the no-fault automobile insurance act which abolishes tort
   liability with several exceptions, to abolish the type of common-
   law derivative tort action such as that contemplated by an
   action for damages for loss of consortium.*

6. Statute — Statutory Construction — Specific Statute.

   It is the general rule that, where the Legislature provides specific direction in a statute, express mention of one thing implies the exclusion of other similar things.

7. Constitutional Law — Torts — Abolition of Remedy — Due Process.

   The Legislature need not provide an adequate substitute remedy before abolishing a common-law cause of action in tort; the constitutionality of a statutory abolition of a common-law remedy is measured by the traditional due process test, i.e., whether the legislation bears a reasonable relationship to a permissible legislative objective (US Const, Am XIV; Const 1963, art 1, § 17; Const 1963, art 3, § 7).

8. Insurance — Automobiles — No-Fault Insurance — Tort Liability — Statutory Construction — Statutes.

   The provision in the no-fault automobile insurance act which, with several exceptions, abolishes tort liability should be strictly construed in light of legislative intent; limiting tort recovery to injured persons who meet the requisite threshold and to other certain specified exceptions is the only reasonable interpretation that can be assigned this provision (MCL 500.3135; MSA 24.13135).

*Forsythe, Campbell, Vandenburg, Clevenger & Bishop, P.C.* (by *Donald E. Shelton),* for plaintiffs.

*Douvan & Harrington* (by *Gordon J. Barnett),* for defendant.

Before: Bashara, P.J., and V. J. Brennan and R. M. Maher, JJ.

R. M. Maher, J. Plaintiffs bring this appeal from an order of the trial court dismissing plaintiff William Warner's claim for loss of consortium resulting from injuries suffered by Linda Warner in an automobile accident. Linda Warner was injured when the car in which she was riding was struck by an automobile driven by defendant. Ms. Warner, joined by her husband and son, brought this action to recover noneconomic losses suffered

as a result of the accident, alleging serious impairment of body function and permanent serious disfigurement under MCL 500.3135(1); MSA 24.13135(1). The sole issue before us on appeal is whether the trial court erred in holding that loss of consortium does not survive under the no-fault automobile insurance act.

The applicable statute is MCL 500.3135; MSA 24.13135, which provides in part:

"(1) *A person remains subject to tort liability for noneconomic loss* caused by his ownership, maintenance or use of a motor vehicle *only if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement.*

"(2) Notwithstanding any other provision of law, *tort liability* arising from the ownership, maintenance or use within this state of a motor vehicle with respect to which the security required by subsections (3) and (4) of section 3101 was in effect *is abolished except as to:*

\* \* \*

"(b) *Damages for noneconomic loss as provided and limited in subsection (1)."* (Emphasis added.)

Defendant argues that § 3135 abolishes all tort liability except that specifically described in the statute. We agree. However, we are of the opinion that claims for loss of consortium come within the statute, where the claimant's spouse has suffered death, serious impairment of body function or permanent serious disfigurement.

We think that the language of the statute is clear. A person *remains* liable for noneconomic loss if the injured person has suffered injuries which meet the threshold requirements. The statute does not limit liability only to those losses suffered by the injured person, excluding losses suffered by another as a result of the serious

injury. Clearly any noneconomic loss compensable at common law may be recovered under § 3135. Once the threshold is crossed, the parties step from the purely statutory land of no-fault back into the common law, with all its virtues and shortcomings. We agree with the interpretation of § 3135 stated in *Luce v Gerow,* 89 Mich App 546; 280 NW2d 592 (1979):

"MCL 500.3135(1); MSA 24.13135(1), retains traditional tort liability if certain threshold requirements are met."

The jury in this case having already decided that Linda Warner's injuries met the threshold requirements of § 3135, William Warner is entitled to press his claim for loss of consortium. Reversed and remanded for trial on the issue of damages suffered by William Warner. No costs.

V. J. Brennan, J., concurred.

Bashara, P.J., *(dissenting).* I respectfully dissent. Plaintiff's spouse sustained injuries in an automobile accident. A jury found the injuries met the requisites of MCL 500.3135(1); MSA 24.13135(1), and awarded her $3,000 in damages.

The trial court, in dismissing the consortium claim, stated that loss of consortium is no longer recoverable under the recent no-fault legislation.

Plaintiff contends that where an injured person meets the threshold requirements of § 3135, the defendant remains subject to tort liability for the loss of consortium claim of the injured person's spouse. He claims the statute does not restrict tort liability to those losses suffered only by the injured party.

This issue is one of first impression. The statute in question, MCL 500.3135; MSA 24.13135, states:

"Sec. 3135. (1) A person remains subject to *tort liability* for noneconomic loss caused by his ownership, maintenance or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement.

"(2) Notwithstanding any other provision of law, *tort liability* arising from the ownership, maintenance or use within this state of a motor vehicle with respect to which the security required by subsections (3) and (4) of section 3101 was in effect *is abolished except as to:*

"(a) Intentionally caused harm to persons or property. Even though a person knows that harm to persons or property is substantially certain to be caused by his act or omission, he does not cause or suffer such harm intentionally if he acts or refrains from acting for the purpose of averting injury to any person, including himself, or for the purpose of averting damage to tangible property.

"(b) Damages for noneconomic loss as provided and limited in subsection (1).

"(c) Damages for allowable expenses, work loss and survivor's loss as defined in sections 3107 to 3110 in excess of the daily, monthly and 3 year limitations contained in those sections. The party liable for damages is entitled to an exemption reducing his liability by the amount of taxes that would have been payable on account of income the injured person would have received if he had not been injured." (Emphasis added.)

A statute may be judicially construed if the language used is ambiguous or the statute is susceptible to two or more meanings. Statutory language should be given a reasonable construction considering the purpose of the statute and the object sought to be accomplished. *King v Director of the Midland County Dep't of Social Services,* 73 Mich App 253, 258; 251 NW2d 270 (1977). I con-

clude that § 3135 is sufficiently lacking in clarity so as to necessitate judicial construction.

Enactment of the no-fault legislative scheme envisioned a correction of the deficiencies and problems that had been found to exist in the tort system. *Shavers v Attorney General,* 402 Mich 554, 621-622; 267 NW2d 72 (1978).

The operative language of the statute, coupled with the expressed purpose of limiting automobile injury tort actions in the courts, leads me to believe that the Legislature intended to abolish the type of common-law derivative tort action contemplated by this suit.

Where the Legislature provides specific direction in a statute, it is the general rule that express mention of one thing implies the exclusion of other similar things. *People v Malik,* 70 Mich App 133, 136; 245 NW2d 434 (1976), *Baker v General Motors Corp,* 74 Mich App 237, 246; 254 NW2d 45 (1977).

Unless tort liability for an element of damages has been specifically retained in § 3135(2), the right to recover those damages has been abolished.

Plaintiff argues that eliminating his cause of action without replacing it in the no-fault system is violative of due process. This argument was recently addressed by the Supreme Court in *Shavers, supra,* at 620-621, wherein it was stated that:

"[t]he Legislature need not provide an 'adequate substitute, remedy before abolishing a common-law cause of action in tort; *Mackin v Detroit-Timkin Axle Co,* 187 Mich 8, 13; 153 NW 49 (1915); *Naudzius v Lahr,* 253 Mich 216; 234 NW 581 (1931); *Silver v Silver,* 280 US 117; 50 S Ct 57; 74 L Ed 221 (1929). The abolition of a common-law tort remedy is measured by the traditional due process test, namely, whether the legislation bears

a reasonable relationship to a permissible legislative
objective. See discussion, Part IV, *supra.*

"We believe that the abolition of the tort remedy for
personal injury resulting from motor vehicle accidents
was clearly justified by deficiencies in the tort system."

Plaintiff also raises an equal protection argu-
ment, since a surviving spouse would be able to
bring a derivative action for wrongful death under
the statute.

Death is one of the threshold statutory require-
ments for recovery. Clearly, where death results,
the injured person cannot maintain his or her own
action. Recovery in tort where the injury is death
must always be derivative. A wrongful death ac-
tion is *sui generis* and cannot be compared to the
other requirements of § 3135(1). Furthermore, an
equal protection argument was previously ad-
dressed by the Court in *Shavers, supra,* at 624, fn
51, and the statutory requirements were found not
to be constitutionally offensive:

"The classification reflects a legislative policy which,
although it discriminates between victims, does not in
our judgment constitute an invidious discrimination
offending the equal protection clause."

See also *O'Donnell v State Farm Mutual Automo-
bile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979).

MCL 500.3135; MSA 24.13135 should be strictly
construed in light of legislative intent. Limiting
tort recovery to injured persons who meet the
requisite threshold and to other certain specified
exceptions is the only reasonable interpretation
that can be assigned this section of the no-fault
enactment.

I see no logical reason why a party who has
suffered no physical injury should be given prefer-

ence in recovering noneconomic losses over persons with physical injuries which are insufficient to satisfy the threshold requirements.

I would affirm. No costs, a statutory question being involved.