## GALLAGHER v PARSHALL

Docket No. 78-5418. Submitted February 5, 1980, at Lansing.—Decided May 21, 1980.

Fred Gallagher was injured in an accident in which his automobile was struck by an automobile driven by Steven Parshall and owned by Mary Baxter. Gallagher brought an action for damages against Parshall and Baxter, claiming that as a result of the accident he suffered a hydrocephalic condition. Gallagher's wife, Ruth Gallagher, claimed damages for loss of consortium. The Gratiot Circuit Court, Leo W. Corkin, J., directed a verdict in favor of the defendants on the loss of consortium claim and on the issue of causation, and the jury returned a verdict of no cause of action on Fred Gallagher's claim of serious impairment of body function. Judgment on the verdicts was entered by Judge Corkin and plaintiffs appeal, alleging error in the court's refusal to admit opinion testimony on the loss of consortium claim, the grant of defendants' motion for a directed verdict on the issue of causation, and the refusal to direct a verdict for plaintiffs that Mr. Gallagher suffered a serious impairment of body function. *Held:*

1. The testimony of two physicians was properly excluded. One of them testified that he was not qualified to give an expert opinion on hydrocephalic conditions. With regard to the other physician's testimony, there was testimony in evidence upon which the jury was capable of reaching its own conclusion unaided by an expert's opinion on the matter.

2. Because the jury found no cause of action on Mr. Gallagher's claim of serious impairment of body function, Mrs. Gallagher's claim of loss of consortium was without merit. This is because such a claim is dependent upon the injured spouse's ability to pursue a claim in tort.

3. Viewing the evidence in the light most favorable to the

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 31 Am Jur 2d, Expert and Opinion Evidence § 22.
[2] 31 Am Jur 2d, Expert and Opinion Evidence §§ 1, 26.
[4] 7 Am Jur 2d (Rev), Automobile Insurance §§ 348, 349.
[5] 5 Am Jur 2d, Appeal and Error § 891.
　75 Am Jur 2d, Trial §§ 576, 577.
[6] 5 Am Jur 2d, Appeal and Error § 886.

plaintiffs, there was no medical testimony which would make the question of causation as between defendant Parshall's negligence and Mr. Gallagher's hydrocephalic condition one for the jury's consideration. Therefore, the trial court properly directed a verdict in favor of the defendants on the issue of causation.

4. The trial court properly refused to direct a verdict that Mr. Gallagher suffered a serious impairment of body function because reasonable persons could differ as to the meaning of the evidence involved.

Affirmed.

1. EVIDENCE — OPINION TESTIMONY — RULES OF EVIDENCE.

Opinion testimony which embraces an ultimate issue to be decided by the trier of fact is not necessarily objectionable; however, the testimony must be otherwise admissible to be allowed into evidence (MRE 702, 704).

2. EVIDENCE — EXPERT TESTIMONY — OPINION TESTIMONY.

Three factors must be established before admitting expert opinion testimony into evidence: (1) the witness must be qualified as an expert in his field; (2) there must be facts which require an expert's interpretation or analysis; and (3) the witness's knowledge must be peculiar to experts rather than to lay persons.

3. EVIDENCE — OPINION TESTIMONY.

Opinion testimony should not be received in evidence where all the relevant facts can be introduced in evidence and the jury is competent to draw a reasonable inference therefrom.

4. TORTS — AUTOMOBILES — SERIOUS IMPAIRMENT OF BODY FUNCTION — LOSS OF CONSORTIUM — STATUTES.

Serious impairment of body function, permanent serious disfigurement or death to a plaintiff injured by the ownership, maintenance or use of a motor vehicle must be established in order that a claim in tort under the common law for those injuries may be asserted; absent such a preliminary showing a claim by the injured party's spouse for loss of consortium will not lie (MCL 500.3135[1]; MSA 24.13135[1]).

5. APPEAL — INSTRUCTIONS TO JURY — FAILURE TO REQUEST INSTRUCTIONS — COURT RULES.

Failure of a party to request a jury instruction prior to the jury's retiring to deliberate precludes review of the issue of the trial court's failure to give the instruction (GCR 1963, 516).

6. Appeal — Motions — Directed Verdicts.

The Court of Appeals reviews the grant or denial of a motion for a directed verdict by viewing the evidence in the light most favorable to the nonmoving party; if reasonable persons could differ as to the meaning of the evidence in question a motion for a directed verdict should not be granted.

*Gray & Taylor, P.C.,* for plaintiffs.

*Fortino, Plaxton & Moskal,* for defendants.

Before: Cynar, P.J., and V. J. Brennan and M. F. Cavanagh, JJ.

Per Curiam. In the court below, the trial judge directed a verdict in favor of defendants and against plaintiff wife on her claim for loss of consortium, and directed a second verdict in favor of defendants and against plaintiff husband on the issue of causation as between defendants' negligence and plaintiff husband's hydrocephalic condition. The jury then returned a verdict of no cause of action on plaintiff husband's claim of serious impairment of bodily function under the no-fault act. Judgment was entered on the verdicts, from which plaintiffs take this appeal as of right.

Plaintiffs initially contend that the trial court committed reversible error in refusing to admit opinion testimony of two treating physicians regarding the seriousness of the impairment of plaintiff husband's bodily functions. We disagree.

We acknowledge that testimony in the form of an opinion is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. MRE 704. However, the testimony must be "otherwise admissible" under MRE 702 to be allowed into evidence. *Ford v Clark Equipment Co,* 87 Mich App 270, 280; 274 NW2d 33 (1978).

Before admitting expert opinion evidence, three

factors must be established to the trial court's satisfaction. First, the witness must be qualified as an expert in his field. Second, there must be facts which require an expert's interpretation or analysis. Third, the witness's knowledge must be peculiar to experts rather than to lay persons. *Dep't of Natural Resources v Frostman,* 84 Mich App 503, 505; 269 NW2d 655 (1978). Such a witness is entitled to express an opinion, or conclusion, where that opinion is dependent on professional or scientific knowledge or skill. *Id.* Where all the relevant facts can be introduced in evidence and the jury is competent to draw a reasonable inference therefrom, opinion evidence will not be received. *Dudek v Popp,* 373 Mich 300, 306; 129 NW2d 393 (1964).

We conclude that the trial court properly excluded the testimony of Dr. Graham. His own testimony establishes that he was not qualified to give an expert opinion in the area of hydrocephalic conditions. Therefore, his opinion was not "otherwise admissible" under MRE 702. With regard to any opinion testimony by him relative to plaintiff's neck and chest injuries, we likewise conclude that it would not be "otherwise admissible" under MRE 702, because the jury was fully capable, on the record before them, to determine the question of serious impairment *vel non* with respect to these injuries.

As to the trial court's exclusion of the opinion testimony of Dr. Devlin regarding whether plaintiff's stiff neck constituted serious impairment, we are fully in accord therewith. Given the detailed testimony regarding the diagnosis of the injuries and the doctor's explication of the medical terms utilized in such diagnosis, we again conclude that the jurors were capable of reaching their own

conclusion thereon unaided by any expert's opinion on the matter.

Plaintiffs next argue that the trial court reversibly erred in directing a verdict in favor of defendant on plaintiff wife's claim for loss of consortium. We reject this contention.

In order to assert a claim in tort under the common law for injuries arising out of the ownership, maintenance or use of a motor vehicle, the injured plaintiff (or his representative) must first establish serious impairment of bodily function, permanent serious disfigurement, or death. MCL 500.3135(1); MSA 24.13135(1). *Warner v Brigham,* 90 Mich App 640, 643; 282 NW2d 428 (1979). Absent such a preliminary showing, any claim for loss of consortium under the statute will not lie. *Id.* Therefore, even assuming the direction of a verdict on the claim for loss of consortium was error, such error does not necessitate reversal, given the jury's finding of no cause of action on the necessary underlying claim of serious impairment of bodily function. GCR 1963, 529.1.

Furthermore, we find plaintiffs' complaint regarding the failure of the court below to give an explanatory instruction concerning the dismissal of the consortium claim to be of no moment, given their failure to request same prior to the jury's retiring to deliberate. GCR 1963, 516, *cf., Sakorraphos v Eastman Kodak Stores, Inc,* 367 Mich 96, 99; 116 NW2d 227 (1962).

Nor do we find any reversible error in the trial court's grant of defendants' motion for a directed verdict on the issue of causation as between defendant's negligence and plaintiff husband's hydrocephalic condition. Viewing the evidence in the light most favorable to plaintiffs, the nonmoving party, *Wynn v Cole,* 91 Mich App 517, 524; 284 NW2d

144 (1979), we conclude that it failed to establish a prima facie case; therefore, direction of verdict in favor of defendants was not improper. *Id.* The only neurologist to testify stated unequivocally that the accident was not the cause of the hydrocephalus. Plaintiff husband's own physician buttressed this conclusion in testifying that the symptoms which he observed which are normally associated with a hydrocephalic condition did not manifest themselves immediately after the accident, but some 21 months later. The expert in neurology, Dr. Field, had testified that such symptoms set in rather rapidly after a blow to the head is received, if such impact is the cause of the condition. The blow to plaintiff husband's head which occurred in the accident was alleged to be the cause of his condition. There was therefore no testimony couched in terms of medical possibilities so as to make the case one for the jury's consideration. *Howard v City of Melvindale,* 27 Mich App 227; 183 NW2d 341 (1970).

Lastly, we address plaintiffs' argument to the effect that the lower court reversibly erred in refusing to direct a verdict in favor of plaintiffs on the issue of whether or not plaintiff husband suffered a serious impairment of bodily function. We disagree. On the record before us, we conclude that reasonable persons could differ as to the meaning of the evidence in question, especially when viewed in the light most favorable to defendants, the nonmoving party. Therefore, the motion for directed verdict was properly denied. *Ringo v Richardson,* 88 Mich App 684, 687; 278 NW2d 717 (1979), *lv den* 407 Mich 906 (1979).

We detect no error mandating reversal, and therefore affirm.

Affirmed. Costs to defendants.