98 Mich. App. 380 (1980)
296 N.W.2d 262
RUSINEK
v.
SCHULTZ, SNYDER & STEELE LUMBER COMPANY
Docket No. 78-3137.
Michigan Court of Appeals.
Decided July 1, 1980.
Edwin Jakeway, P.C. (Bennett S. Engelman, of counsel), for plaintiffs.
Brownell, Andrews, Philpott & Piper (by Douglas M. Philpott), for defendant.
Before: CYNAR, P.J., and MacKENZIE and L.W. CORKIN,[*] JJ.
MacKENZIE, J.
Plaintiffs filed a complaint against defendants for damages arising out of an auto accident which occurred on July 30, 1974. Plaintiff Eugene Rusinek claimed that he sustained a "serious impairment of body function" in the accident within the meaning of the Michigan no-fault act. His injuries consisted of a strained neck and back and a sore elbow. Plaintiff Marie Rusinek brought a claim based upon loss of consortium. Defendant Schultz, Snyder & Steele Lumber Company (hereinafter defendant) made a pretrial motion to dismiss Marie Rusinek's loss of consortium claim arguing that it is not recognized under the Michigan no-fault act. The motion was denied by the trial court.
The sole issue litigated at trial was the question of damages. The jury returned a verdict of $50,000 in favor of Eugene Rusinek and a verdict of $10,000 in favor of Marie Rusinek. Defendant made a motion for a new trial, which was denied. Defendant now appeals as of right, raising three issues.
Defendant first contends that the trial court erred in ruling that Marie Rusinek could be *383 awarded damages for loss of consortium under the no-fault act. We agree.
This issue was previously faced by this Court in Warner v Brigham, 90 Mich App 640; 282 NW2d 428 (1979). The majority held that a claim for loss of consortium comes within the no-fault statute where the spouse of the claimant has suffered death, serious impairment of body function, or permanent serious disfigurement. According to MCL 500.3135(1); MSA 24.13135(1):
"A person remains subject to tort liability for noneconomic loss caused by his ownership, maintenance or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement."
It was the majority's opinion that the statute did not limit liability to losses suffered by the injured person, but that any noneconomic loss compensable at common law, including consortium, is recoverable under § 3135.
Judge BASHARA dissented in Warner because, in his opinion, based on the operative language of the statute and its express purpose of limiting tort actions arising from auto accident injuries, the Legislature intended to abolish this type of common law derivative tort liability.
He further relied upon the general rule that the express mentioning of something in a statute implies the exclusion of other similar things. Since loss of consortium had not been specifically retained in § 3135, the right to recover for such damages had been abolished.
Finally, Judge BASHARA stated that he could not see why a party suffering no physical injury should be given preference in recovering noneconomic losses over persons with physical injuries *384 insufficient to satisfy the threshold requirements of § 3135(1).
We agree with the reasoning of Judge BASHARA and hold that the spouse of a party injured in an auto accident may not recover for loss of consortium under the no-fault act. The language of § 3135(1) clearly states that the "injured party" must suffer death, serious impairment of body function for permanent serious disfigurement. For purposes of a loss of consortium claim, however, the spouse of the person physically hurt is the "injured party", and is suing for damages to his or her own interest. See Montgomery v Stephan, 359 Mich 33; 101 NW2d 227 (1960). Since the spouse is not the party who has suffered death, serious impairment of body function, or permanent serious disfigurement, he or she is not entitled to recover under the statute.
Defendant next contends that the trial judge erred in refusing to give defendant's requested instruction that plaintiff was not entitled to recover noneconomic damages for the period beyond which he suffered a serious impairment of body function.
The testimony of plaintiff Eugene Rusinek and two treating physicians indicated that although he still experiences intermittent pain and has difficulty lifting and bending, he was able to return to work as a machine repairman in January of 1975 and carry on with most normal activities. In closing argument, plaintiffs' counsel admitted that Mr. Rusinek was not suffering from a serious impairment of body function at the time he returned to work; however, he argued that as Mr. Rusinek initially suffered a serious impairment following the accident, he had met the threshold requirement and should be able to collect damages for future pain and suffering.
*385 Generally, a requested instruction which states the applicable law and is supported by the evidence must be given. Richman v City of Berkley, 84 Mich App 258, 264; 269 NW2d 555 (1978).
The no-fault statute's elimination of tort liability for noneconomic damages except where death, serious impairment of body function or permanent serious disfigurement result was designed to correct certain deficiencies in the tort system. Two of these evils were the barrage of lawsuits heavily burdening the state's court system and the fact that minor injuries were often over-compensated while serious injuries were under-compensated. See Shavers v Attorney General, 402 Mich 554, 621-622; 267 NW2d 72 (1978). Therefore, we believe that the requirement that the plaintiff show a serious impairment of body function not only presents a threshold requirement to recover in tort but also a limitation precluding recovery of future damages where plaintiff no longer suffers from a serious impairment of body function.
Due to the trial judge's failure to give the requested instruction, it is unclear whether the jury found that Mr. Rusinek still suffers from a serious impairment. In light of our holding, it is unnecessary to discuss defendant's other allegations of error.
Reversed and remanded.
L.W. CORKIN, J., concurred.
CYNAR, P.J. (concurring in part, dissenting in part).
While disagreeing on whether the right to recovery for loss of consortium exists, I am in total agreement with the majority on the handling of the other issues and the decision to reverse and remand.
*386 The loss of consortium claim has long been recognized as an element of damages in Michigan. In Montgomery v Stephan, 359 Mich 33; 101 NW2d 227 (1960), the Michigan Supreme Court held that a wife states a valid cause of action in a suit for loss of consortium, which the Court described as "conjugal fellowship".
Loss of consortium has continued to be recognized in Michigan and its definition has been expanded to include "society, companionship, service, affection, and all other incidents of the marriage relationship". Washington v Jones, 386 Mich 466, 472; 192 NW2d 234 (1971), Kailimai v Firestone Tire & Rubber Co, 87 Mich App 144, 148; 273 NW2d 906 (1978).
Applying the definitions in the above-cited cases, it is clear that a loss of consortium claim is a noneconomic claim: a claim for, in part, fellowship, companionship, and affection rather than loss of wages.
However, the defendant argues that even if a consortium claim is a noneconomic tort claim historically allowed in Michigan, the enactment of the Michigan no-fault insurance act excludes recovery for loss of consortium claims.
The defendant cites MCL 500.3135; MSA 24.13135, which reads in part:
"A person remains subject to tort liability for noneconomic loss * * * only if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement." (Emphasis added.)
The defendant argues that the only reasonable interpretation of this section is that the term "injured party" refers to the person seeking damages; in this case, the wife and not the victim. Accordingly, since the wife has only suffered the *387 loss of her husband's companionship and affection she is precluded from recovery. This writer disagrees with defendant's interpretation.
In Attorney General ex rel Ins Comm'r v Michigan Property & Casualty Guaranty Ass'n, 80 Mich App 653; 263 NW2d 918 (1978), the Court noted that laws applicable to insurance are to be "liberally construed in favor of policyholders, creditors and the like". Furthermore, the Court quoted as follows:
"`In Attorney General ex rel Common Council of the City of Detroit v Marx, 203 Mich 331 [168 NW 1005 (1918)], we quoted the following from 2 Lewis' Sutherland Statutory Construction (2d ed), § 490:
"`"`Statutes will be construed in the most beneficial way which their language will permit to prevent absurdity, hardship or injustice; to favor public convenience and to oppose all prejudice to public interests.'"'
"`In Sibley v Smith (syllabus), 2 Mich 486 [(1853)], and again in Detroit Common Council v Engel, 207 Mich 106 [173 NW 547 (1919)], we said:
"`"In construing statutes of doubtful meaning, courts are authorized to collect the intention of the legislature from the occasion and necessity of the law  from the mischief felt, and the objects and remedy in view  and the intention is to be taken, or presumed, according to what is consonant to reason and good discretion."' Id. at 44-45." Id., 657.
This policy of liberal interpretation in favor of the policyholder was specifically applied to the construction of the Michigan no-fault statute in Bierbusse v The Farmer's Ins Group of Companies, 84 Mich App 34; 269 NW2d 297 (1978), where the Court stated:
"The no-fault automobile statute is remedial in nature, attempting to correct the deficiencies found in the *388 old tort system. See, Shavers v Attorney General, 65 Mich App 355, 366; 237 NW2d 325 (1975), lv gtd, 396 Mich 869 (1976). Remedial statutes are to be construed liberally in favor of the persons intended to be benefited by the statute. Hockenhull v Cutler Hubble, Inc, 39 Mich App 163; 197 NW2d 344 (1972), Hite v Evart Products Co, 34 Mich App 247, 252; 191 NW2d 136 (1971)." Id., 37.
Furthermore, the basic purpose of no-fault insurance is to insure the compensation of persons injured in auto accidents. Pollock v Frankenmuth Mutual Ins Co, 79 Mich App 218; 261 NW2d 554 (1977).
Accepting the principles that the: (1) purpose of the no-fault act is to compensate persons injured in auto accidents; (2) noneconomic claims of loss of consortium have long been recognized in Michigan as a valid claim for damages; and (3) Michigan no-fault act did not specifically exclude claims for lost consortium, this writer finds that the Michigan no-fault insurance act does not bar a spouse's claim for a lack of consortium.
I am in agreement with Warner v Brigham, 90 Mich App 640; 282 NW2d 428 (1979), where the majority held that a loss of consortium comes within the no-fault act, specifically § 3135, where the spouse of the claimant has suffered a serious impairment of body function under MCL 500.3135(1); MSA 24.13135(1). However, as indicated in Warner v Brigham, supra, the injured plaintiff must establish serious impairment of body function as a threshold requirement to recover in tort. Further, as expressed by Judge MacKENZIE in her opinion, recovery for future damages is precluded during the time when the injured person does not suffer from a serious impairment of body function.
NOTES
[*] Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.